639 P.2d 348
**The STATE of Arizona, Appellee,**

v.

**John Donald WOMACK, Appellant.**

**No. 2 CA–CR 2346.**

Court of Appeals of Arizona,
Division 2.

Oct. 22, 1981.

Rehearing Denied Nov. 27, 1981.

Review Denied Dec. 15, 1981.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Jack Roberts, Asst. Attys. Gen., Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Allen G. Minker, Asst. Public Defender, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant, convicted by a jury of aggravated assault, was placed on probation with the condition that he serve six months in the county jail. He contends for the first time on appeal that (1) the prosecutor committed reversible error by commenting on his failure to call his wife as a witness, and (2) the jury was not adequately instructed on his theory of the case. We disagree and affirm.

### I

On the date of the assault, Bruce Klingler was a passenger in a car being driven by his wife. Appellant, accompanied by his wife, was driving a pickup truck hauling a trailer. As a result of a traffic incident, Bruce Klingler made an obscene gesture while passing appellant. This led to appellant lightly tapping the rear bumper of the Klingler automobile which had stopped for a red light. Bruce Klingler got out of his car and appellant got out of his truck with a rifle which he pointed at Klingler. A policeman arrived on the scene and persuaded appellant to put down the rifle.

### II

Appellant testified at the trial claiming self-defense. On three occasions during his direct examination, his counsel asked him whether the police ever asked his wife what happened before they arrested him. Appellant testified that they did not, the clear implication being that had the police done so, they would not have arrested him and that his wife would substantiate his theory of self-defense.

On cross-examination, the prosecutor asked appellant if his wife were going to testify. Appellant's counsel objected to this question on the grounds of relevancy which the court sustained. However, appellant answered the question anyway, stating that his wife was not going to testify because he wouldn't permit it. In surrebuttal, appellant's counsel again in examining appellant, emphasized the failure of the police to talk to or listen to his wife.

The complained of remarks occurred during closing arguments. Appellant's counsel told the jury:

"The officers didn't care. They made their determination. They saw the Klinglers. They saw Mrs. Klingler and that was it. They never went further than that. Not one statement from anybody else, not even Betty Womack who was an eyewitness to this thing."

The prosecutor, in response to the defense argument, said:

"Mr. Abruzzo talked about Betty Womack, no one wanted to hear her side of the story. You know what? You didn't get to hear her side of the story, either. If her side of the story was so important and you should have heard it in this trial and you should have heard it, why didn't she testify?

\*　　\*　　\*　　\*　　\*　　\*

If her story is so vital, bring her in here and put her on the witness stand and let her tell it."

Defense counsel objected to the prosecutor's argument on the grounds of relevancy, but the objection was overruled.

A.R.S. § 13–4062, provides that a wife shall not testify against her husband without his consent. This privilege is violated when a prosecutor comments on the defense's failure to call the defendant's spouse as a witness. *State v. Holsinger*, 124 Ariz. 18, 601 P.2d 1054 (1979). However, this shield against compelled testimony by a spouse cannot be used as a sword. If a defendant, as he did here, uses the privilege as a tactical weapon of offense to silence the prosecutor, he waives the privilege and opens the door to prosecutorial comment on his failure to call his wife as a witness. See *State v. Walker*, 80 N.J. 187, 403 A.2d 1 (1979).

**160**

### III

For the first time on appeal appellant claims that the jury instructions were difficult to comprehend and were inconsistent with the law.  Since this objection was not raised below, appellant may not now claim error.  *State v. Dickey*, 125 Ariz. 163, 608 P.2d 302 (1980).

Affirmed.

HATHAWAY, C. J., and BIRDSALL, J., concur.