730 P.2d 238

**The STATE of Arizona, Appellee,**

**v.**

**Bobby Ray TURRENTINE, Appellant.**

**No. 2 CA–CR 3876.**

Court of Appeals of Arizona, Division 2, Department A.

May 15, 1986.

Review Denied Dec. 16, 1986.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gerald R. Grant, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Carla Ryan, Tucson, for appellant.

## OPINION

HATHAWAY, Chief Judge.

Appellant contests his conviction on four counts of child molestation, a class 2 felony, A.R.S. § 13–1410, and one count of sexual conduct with a minor under 15, a class 2 felony, A.R.S. § 13–1405. We affirm the convictions and sentences.

The victim was born in 1970. In August 1983, he came to Tucson to live with his grandparents while his mother maintained her residence in California. The victim needed a medical examination before he could participate in athletics at school, so his grandmother took him to see appellant, who was her doctor. At the initial examination, appellant had the victim give him a urine sample. The victim went to appellant a couple of weeks later because appellant had found blood in his urine. It was at the second examination that appellant first allegedly molested the victim by masturbating him. The victim testified that he thought this was part of the medical treatment. The victim never discussed the examination with anyone. The same molestation allegedly occurred during victim's next two visits to appellant's office. On his fourth and final visit, appellant allegedly orally molested the victim. The victim at this time still had not mentioned the molestations to his grandmother. On the night of his fourth and final visit, the victim's mother telephoned him in Tucson from California. At that time, the victim told her about appellant's conduct. Appellant's

mother informed the police and appellant was arrested.

On November 1, 1983, the grand jury returned an indictment charging appellant with four counts of child molestation and one count of sexual conduct with a minor under the age of 15. The prosecution filed an allegation of prior convictions. On January 9, 1984, appellant filed a motion asking the trial court to suppress statements he had made to police officers. Following evidentiary hearings, the trial court denied appellant's motion to suppress on June 1, 1984. A trial to a jury began on December 11, 1984. Appellant's defense was insanity. On December 29, 1984, the jury found appellant guilty on all five counts. The trial court sentenced appellant to prison for five concurrent prison terms of seven years on counts one and five, 10.5 years on count two, and 15.75 years on counts three and four. This appeal followed.

Appellant raises 10 issues on appeal:

1. The trial court violated appellant's rights under the Sixth Amendment to the United States Constitution by refusing to allow appellant's counsel to be present during his compelled psychiatric examination.

2. A.R.S. § 13–502 is unconstitutional because it shifts the burden of proof from the state to the defendant and the burden remains with the defendant throughout the trial.

3. If A.R.S. § 13–502 is constitutional, then the trial court acted improperly in denying the appellant's request to present surrebuttal testimony and surrebuttal closing argument.

4. The telephone conversation between the victim and his mother several hours after the offense was hearsay and should not have been admitted under the "excited utterance" exception to the hearsay rule.

5. Because the requirements of A.R.S. § 13–604 were not met, the trial court's use of counts one through three of the indictment as priors to enhance defendant's sentence on other counts was error.

6. The trial court erred when it ruled that the appellant had waived his right to assert the physician-patient privilege concerning statements made by him to his treating physicians and to his mental health expert.

7. The evidence was insufficient to find that appellant had the specific intent necessary to commit the crime of child molesting.

8. The prosecutor acted improperly when, during his closing argument, he insinuated that the victim's family did not believe the jury would do justice.

9. The appellant's statement to the police was not voluntary and therefore should not have been admitted to the jury.

10. The trial court erred in instructing the jury.

## I. COUNSEL'S PRESENCE DURING PSYCHIATRIC EXAMINATION

Pursuant to appellant's plea of insanity, the court ordered appellant to be examined by Dr. Gelardin, a psychiatrist for the state. At the time of the scheduled appointment, appellant's counsel appeared with him at the doctor's office. The state objected to counsel's presence during the examination on the grounds that it would interfere with the doctor's ability to properly examine appellant. Appellant argued that he had a constitutional right to have his counsel present. The court ruled that appellant could not have his counsel present with him during the examination and, further, that appellant could not tape record the interview.

The Sixth Amendment to the United States Constitution guarantees an accused in a criminal prosecution the assistance of counsel in his defense. The right of an accused to assistance of counsel at various stages of the criminal proceedings has frequently been considered by courts. The general rule is that the accused has the right of counsel at all "critical stages" of the prosecution. *Powell v. Alabama*, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

It is disputed, however, whether a psychiatric examination is such a critical stage. Other jurisdictions have split on this issue.

See e.g., *Lee v. County Court of Erie County*, 27 N.Y.2d 432, 318 N.Y.S.2d 705, 267 N.E.2d 452, *cert. den.* 404 U.S. 823, 92 S.Ct. 46, 30 L.Ed.2d 39 (1971); but see contra, *U.S. v. Byers*, 740 F.2d 1104 (D.C. Cir.1984). We note that the United States Supreme Court has never directly addressed this issue.

Fortunately, the Arizona Supreme Court has recently addressed this issue and has held that, while the psychiatric evaluation is a critical stage of the proceeding, the appellant's right to counsel extends only to the formulation of his approach to the examination. The court held further that there is no constitutional right to have an attorney present during the court-ordered psychiatric examination itself and that the decision whether to permit counsel's presence is within the trial court's discretion. *State v. Mauro*, 149 Ariz. 24, 716 P.2d 393 (1986). Accordingly, appellant's Sixth Amendment rights were not violated.

## II. BURDEN OF PROOF IN INSANITY DEFENSE

■ A.R.S. § 13–502 requires that the defendant prove his assertion of insanity by clear and convincing evidence. The defendant carries the burden of proof throughout the trial and the state is not required to prove the defendant sane beyond a reasonable doubt.

Appellant argues that this statute constitutes an improper and unconstitutional shift of the burden of proof. The United States Supreme Court has held, however, that statutes such as A.R.S. § 13–502(B) do not violate the federal constitution. *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed.2d 1302 (1952). See *State v. Fletcher*, 149 Ariz. 187, 717 P.2d 866 (1986). See also, *Price v. State*, 274 Ind. 479, 412 N.E.2d 783 (1980); *State v. Capalbo*, 433 A.2d 242 (R.I.1981). But see, *People ex rel. Juhan v. District Court for Jefferson County*, 165 Colo. 253, 439 P.2d 741 (1968).

We find no compelling reason to hold that the Due Process Clause of the Arizona Constitution, Art. 2, § 4, provides greater rights than those of the federal constitu-tion under these facts. See *State v. Fletcher*, supra. Although it is the prosecution's burden to prove each element of the crime beyond a reasonable doubt, see *U.S. v. Robinson*, 545 F.2d 301 (2d Cir. 1976); *Cohen v. United States*, 378 F.2d 751 (9th Cir.1967), *cert. den.* 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215. Sanity is not an element of the crime. See *State v. Fletcher*, supra. Rather, the insanity defense represents a public policy adopted by this state which exonerates the defendant from guilt. If the defendant cannot distinguish right from wrong, then under the M'Naghten test, the defendant is held not guilty by reason of insanity. That, however, does not relate to the elements of the crime, which include the mens rea and the actus reus. Therefore, it is not unconstitutional to shift the burden to defendant.

## III. SURREBUTTAL TESTIMONY AND SURREBUTTAL CLOSING ARGUMENT

■ Appellant argues that A.R.S. § 13–502 changes the order of opening and closing the trial. Appellant notes that, since the burden is usually on the prosecution to convince a jury beyond a reasonable doubt that a defendant is guilty, it has the right to open and close. However, since the burden shifts to defendant on the issue of insanity under § 13–502, the defendant should have the right to close on that issue.

Courts in other jurisdictions have permitted the trial court in its discretion to allow such surrebuttal testimony and closing argument. See *People v. Cotter*, 63 Cal.2d 386, 46 Cal.Rptr. 622, 405 P.2d 862 (1965), *vac. in part sub nom Cotter v. California*, 386 U.S. 274, 87 S.Ct. 1035, 18 L.Ed.2d 43 (1967); *State v. Simonson*, 100 N.M. 297, 669 P.2d 1092 (1983). Rule 19.1(a), Rules of Criminal Procedure, 17 A.R.S., accords the trial court similar discretion. In this case the trial court exercised its discretion to deny surrebuttal testimony and closing argument and we cannot say that the trial court abused its discretion.

## IV. TELEPHONE CONVERSATION BETWEEN VICTIM AND MOTHER

■ Two to three hours after the final molestation, the victim told his mother on the phone of the events that had transpired over the preceding weeks. The trial court permitted the mother's testimony in court under the "excited utterance" exception to the hearsay rule. Rule 801(c), Rules of Evidence, 17A A.R.S.. Hearsay is not admissible unless there is an exception in the constitution, statutes or rules of court. Appellate courts will not reverse a trial court's rulings under this exception absent a clear abuse of discretion. *State v. Rivera*, 139 Ariz. 409, 678 P.2d 1373 (1984).

While the victim did not show outward signs of agitation or fear during the three hours subsequent to his final visit to appellant, there was testimony that he was scared and agitated during that entire period. We need not determine whether the trial court abused its discretion in allowing the testimony as an excited uterance, however. The victim testified concerning the molestations, and appellant admitted committing the offenses, his only defense being insanity. Under these circumstances, admission of the victim's statements to his mother, if error, was harmless. *State v. Thompson*, 146 Ariz. 552, 707 P.2d 956 (App.1985).

### V. PRIORS

■ A.R.S. § 13–604(K) requires that before a sentence may be enhanced, a prior conviction must be admitted by a defendant or found to be true by the trier of fact. The jury returned guilty verdicts against appellant on all five counts of the indictment. It did not, however, make specific findings of prior convictions. Appellant argues, therefore, that A.R.S. § 13–604(K) was not complied with. We disagree.

The convictions alleged by the state were "Hannah" priors. See *State v. Hannah*, 126 Ariz. 575, 617 P.2d 527 (1980). By returning guilty verdicts, the jury necessarily found the priors existed. Accordingly, those priors had been found to be true by the trier of fact pursuant to § 13–604(K)

and could be used to enhance appellant's sentence.

### VI. DOCTOR–PATIENT PRIVILEGE

Appellant argues that the trial court erred in ruling that the prosecution could question Drs. Berlin and Tuteur about statements appellant had made to them. A.R.S. § 13–4062(4) provides that a physician or surgeon shall not be examined as a witness "without consent of his patient, as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient."

■ The state argues that, by voluntarily seeking out these doctors and calling them as witnesses to testify, appellant waived any privilege regarding his statements. Dr. Tuteur testified that he was not a treating physician. Therefore, A.R.S. § 13–4062(4) does not apply to his statements. *State v. Nelson*, 104 Ariz. 52, 448 P.2d 402 (1968). Dr. Berlin, on the other hand, was a treating physician. Physician-patient privilege, however, cannot be used both as a sword and a shield at the same time. The defendant cannot cast aside the protection of the privilege for matters that benefit him and then invoke the privilege to prevent the prosecution from inquiring into matters that may be harmful to him. *State v. Womack*, 131 Ariz. 158, 639 P.2d 348 (App.1981).

When appellant opened the door to the issue of his sanity, he necessarily opened the door to statements he had made to the physicians. *Baine v. Superior Court of the State of Arizona, in and for the County of Maricopa*, 148 Ariz. 331, 714 P.2d 824 (1986). See also, *State ex rel Juvenile Department for Lane County v. Brown*, 19 Or.App. 427, 528 P.2d 569 *cert. den.* 421 U.S. 1003, 95 S.Ct. 2405, 44 L.Ed.2d 672 (1974).

■ In any event, the only statements concerning the offenses made to these doctors that were admitted at trial dealt with appellant's claim that his molestation of the victim had been a correct medical procedure. Appellant made the same claim in his taped statement to the police officers.

Under these circumstances, the doctors' testimony was cumulative and any error was harmless. See *State v. Ramirez*, 116 Ariz. 259, 569 P.2d 201 (1977).

## VII. SUFFICIENCY OF EVIDENCE

██ Appellant argues that there was insufficient evidence to find appellant had the specific intent necessary to commit the crime of child molestation. When the evidence supporting a verdict is challenged on appeal, the appellate court will not engage in reweighing the evidence. *State v. Tison*, 129 Ariz. 546, 636 P.2d 355 (1981) *cert. den.* 459 U.S. 882, 103 S.Ct. 180, 74 L.Ed.2d 147 (1982). The appellate court only determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In making this determination, all evidence and the inferences therefrom are viewed in the light most favorable to sustaining the verdict. *State v. Hall*, 129 Ariz. 589, 633 P.2d 398 (1981).

The trial court had before it evidence of four instances of molestation. There was also evidence that appellant had made statements about his sexual attraction to the victim. This evidence was sufficient for the jury to have found that appellant was motivated by an unnatural or abnormal sexual interest with respect to children and therefore is sufficient to support a finding of specific intent under A.R.S. § 13–1410. See also *State v. Brooks*, 120 Ariz. 458, 586 P.2d 1270 (1978).

## VIII. PROSECUTOR'S COMMENTS DURING CLOSING ARGUMENT

██ During closing argument, the prosecutor mentioned a civil suit that the victim's mother had pending against appellant. He stated that the reason for that suit was "to get justice because she was afraid the jury wouldn't give her justice, frankly." Implicit in the state's argument is that a message should be sent to society that justice will be done in the criminal courts. The comments by the prosecutor constituted error, in that the only proper consideration of the jury was the guilt or innocence of defendant. Whether, however, the prosecutor's remarks were so objectionable as to require a mistrial or, on appeal, a reversal, is another question. The general criteria in determining whether remarks by a prosecutor in a criminal case are so objectionable as to require reversal of the case is whether the remarks call to the attention of the jury matters that they would not be justified in considering in order to arrive at their verdict and whether the jury under the circumstances of the case was probably influenced by those remarks. *State v. Hallman*, 137 Ariz. 31, 668 P.2d 874 (1983). There is no indication that the prosecutor's remarks influenced the verdict. Therefore the trial court acted within its discretion in denying a mistrial.

## IX. VOLUNTARINESS OF APPELLANT'S STATEMENT TO POLICE

██ Appellant contends that his statement to the police was not voluntary and therefore should not have been allowed in evidence. In Arizona, confessions are prima facie involuntary statements. The state has the burden of proving by a preponderance of the evidence that the confession was freely and voluntarily given. *State v. Griffin*, 148 Ariz. 82, 713 P.2d 283 (1986). Absent clear and manifest error, the trial court's ruling on the voluntariness issue will not be disturbed on appeal. *State v. Cannon*, 148 Ariz. 72, 713 P.2d 273 (1985).

Appellant's statements were made before he was arrested or taken into custody. Appellant was given his Miranda rights, which he stated he understood, before he responded to any questions. At the end of the questioning, appellant then asked for an attorney. There was conflicting evidence as to whether defendant understood the Miranda warning and we defer to the trial court.

## X. INSTRUCTIONS TO THE JURY

██ A. Character Evidence. The trial court gave the following instruction on character evidence:

"The defendant has introduced evidence of a good reputation in the community

and high moral character. Consider the evidence of good reputation and high moral character together with all the other evidence. If you are convinced beyond a reasonable doubt that the defendant is guilty of the crime charged, you must not use evidence of good reputation and high moral character as an excuse to acquit the defendant."

The Arizona Supreme Court has held that this same instruction is a correct statement of the law. *State v. Childs*, 113 Ariz. 318, 553 P.2d 1192 (1976). We will not reverse simply because a better instruction could have been given.

 B. Clear and Convincing Evidence. The trial court gave the following instruction regarding the phrase "clear and convincing evidence":

"The defendant must prove by clear and convincing evidence that defendant was not sane at the time of the alleged acts. If you are satisfied by clear and convincing evidence that the defendant did not know the nature and quality of his acts, or if he did know the nature and quality of his acts, that he did not know right from wrong, you must find defendant not guilty by reason of insanity.

Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the issue sought to be proved. It is intermediate, being more than a mere preponderance of evidence, but not to the extent of such certainty as required with proof beyond a reasonable doubt."

Appellant objects to the words "firm belief or conviction" in the instruction. The last sentence of the instruction correctly states that clear and convincing evidence is more than a preponderance of the evidence but less than proof beyond a reasonable doubt. That proviso was sufficient to eliminate any possible confusion arising from the use of the term "firm belief and conviction." We will not reverse on the basis of this instruction.

C. Lesser-included Offenses. Appellant requested a lesser-included offense instruction on contributing to the delinquency of a minor. The trial court concluded that the evidence at trial, including the insanity plea, presented a guilty-not guilty situation and therefore would not give a lesser-included offense instruction.

There must be sufficient evidence to support the giving of a lesser-included offense instruction. *State v. Cousin*, 136 Ariz. 83, 664 P.2d 233 (App.1983). Where the evidence at trial presents an either guilty or innocent situation, the lesser-included offense instruction should not be given. *State v. Davis*, 137 Ariz. 551, 672 P.2d 480 (App.1983). Since appellant's sole defense to his charges was insanity, the trial court correctly refused to instruct on lesser-included offenses.

Affirmed.

HOWARD, P.J., and FERNANDEZ, J., concur.