746 P.2d 1315

**STATE of Arizona, Appellee,**

v.

**Curtis Oliver RENFORTH, Appellant.**

**No. 1 CA–CR 9930.**

Court of Appeals of Arizona, Division 1, Department A.

June 9, 1987.

Review Granted Nov. 17, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div. and Diane M. Ramsey, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Stephen R. Collins, Deputy Public Defender, Phoenix, for appellant.

OPINION

FIDEL, Judge.

In this case we confront the elusive definition of "clear and convincing evidence."

Defendant Curtis Oliver Renforth was tried before a jury and convicted of the crime of aggravated assault, a dangerous felony. Renforth did not deny assaultive conduct, but defended on the ground that he was, at the time of that conduct, insane. From his conviction and sentence to a mitigated five year prison term, Renforth appeals. The focus of his appeal is a jury instruction in which the trial judge defined Renforth's burden to prove insanity by clear and convincing evidence.

Renforth's friend John Fuller gave details of the assault: The two had been drinking extensively at the home of Renforth's fiance before Fuller heard Renforth and his fiance shouting in a separate room. When the fiance screamed, "Don't let him kill me," Fuller rushed to the room and saw Renforth strike her with the handle of an axe. Fuller's testimony was undisputed; though Renforth and his fiance testified, neither recalled the event.

Expert witnesses called by the state and the defense disputed Renforth's state of mind. The state's witness characterized Renforth as exhibiting a paranoid personality disorder; the defense witness described him as a paranoid schizophrenic. The state's witness testified that at the time of the event Renforth knew the nature and wrongful quality of his acts; the defense expert stated that he did not. A.R.S. § 13–502 places the burden on a criminal defendant asserting the insanity defense to prove it by clear and convincing evidence. The constitutional validity of the statute was established in *State v. Fletcher*, 149 Ariz. 187, 192, 717 P.2d 866, 871 (1986), and is not challenged on this appeal.

The trial judge defined defendant's burden to the jury in the following instruction:

> A person is not responsible for criminal conduct by reason of insanity if at the time of such conduct the person was suffering from such a mental disease or defect as not to know the nature and quality of the act or, if such person did know, that such person did not know that what he was doing was wrong.
>
> In this case the defendant has raised the defense of not responsible for criminal conduct by reason of insanity. As to this defense, the defendant has the burden of proving that he is not responsible for criminal conduct by reason of insanity by clear and convincing evidence.
>
> To be clear and convincing, evidence should be clear in the sense that it is *certain*, plain to the understanding, *unambiguous*, and convincing in the sense that it is so reasonable and persuasive as to cause you to believe it.

(Emphasis added.)

The defense accepted this instruction at trial, but challenges it now. Fundamental, prejudicial error is reversible upon appeal despite the absence of a timely trial objection. *E.g., State v. Barnett*, 142 Ariz. 592, 691 P.2d 683 (1984). To define "clear and convincing evidence" as "certain" and "un-

ambiguous," the defense argues, is fundamental, prejudicial error.

There are two facets to this argument. First, Renforth contends that the trial court's definition inappropriately escalated his burden beyond that imposed by the clear and convincing evidence standard as developed in case law and incorporated into A.R.S. § 13–502. Second, Renforth argues that this escalation of burden was a violation of his due process rights under the fourteenth amendment to the United States Constitution. Because we agree with the defendant on the first of these two grounds, we need not and do not reach the second.

1. *The Intermediacy of the "Clear and Convincing" Standard:*

There are three standards of proof: proof by preponderance of the evidence, proof by clear and convincing evidence,[1] and proof beyond a reasonable doubt. The clear and convincing standard is intermediary between the rigorous criminal standard of proof beyond a reasonable doubt and the modest civil quantum of preponderance. *Addington*, 441 U.S. at 424, 99 S.Ct. at 1808, 60 L.Ed.2d at 329; *State v. Turrentine*, 152 Ariz. 61, 730 P.2d 238, 245 (App. 1986).

Differing standards of proof serve a purpose well explained by Mr. Justice Harlan in his concurring opinion in the case, *In re Winship*, 397 U.S. 358, 370, 90 S.Ct. 1068, 1075–76, 25 L.Ed.2d 368, 379 (1970):

> [I]n a judicial proceeding in which there is a dispute about the facts of some earlier event, the factfinder cannot acquire unassailably accurate knowledge of what happened. Instead, all the factfinder can acquire is a belief of what *probably* happened. The intensity of this belief—the degree to which a factfinder is convinced that a given act actually occurred—can, of course, vary. In this regard, a standard of proof represents an

---

1. The intermediate standard, though usually expressed in Arizona cases by the phrase, "clear and convincing evidence," is not universally so defined. "Cogent," "satisfactory," and "unequivocal" are adjectives sometimes included in the definitions of other states. *See generally* McCormick, *Law of Evidence* § 340 (3d ed. 1982); *Addington v. Texas*, 441 U.S. 418, 424, 99 S.Ct. 1804, 1808, 60 L.Ed.2d 323, 329 (1979).

attempt to instruct the factfinder concerning the degree of confidence our society thinks he should have in the correctness of factual conclusions for a particular type of adjudication.

(Emphasis in original.)

In criminal prosecutions the state's heavy burden to prove guilt beyond a reasonable doubt minimizes the risk of conviction of an innocent defendant. It reflects "a fundamental value determination of our society that it is far worse to convict an innocent man than to let a guilty man go free." *Id.* at 373, 90 S.Ct. at 1077, 25 L.Ed.2d at 380. In civil cases, by contrast, preponderant evidence suffices because "we view it as no more serious in general for there to be an erroneous verdict in the defendant's favor than for there to be an erroneous verdict in the plaintiff's favor." *Id.* at 372, 90 S.Ct. at 1076, 25 L.Ed.2d at 379.

The clear and convincing standard is reserved for cases where substantial interests at stake require an extra measure of confidence by the factfinders in the correctness of their judgment, though not to such degree as is required to convict of crime. *Cf. Addington,* 441 U.S. at 424, 99 S.Ct. at 1808, 60 L.Ed.2d at 330. A common usage is in law of fraud, where the clear and convincing standard demonstrates the value society attributes to untarnished reputation. *Id. See, e.g., General Acc. Fire & Life Assur. Corp. v. Little,* 103 Ariz. 435, 443 P.2d 690 (1968). Similarly our supreme court now requires that factfinders be confident that a tortfeasor's culpable state of mind be shown by clear and convincing evidence before the tortfeasor is made a public example through the imposition of extra-compensatory punitive damages. *E.g., Linthicum v. Nationwide Life Ins. Co.,* 150 Ariz. 326, 723 P.2d 675 (1986).

It is this intermediate measure of confidence that our legislature has required a criminal defendant to satisfy in order to prove that he or she is not responsible by reason of insanity. A.R.S. § 13–502.

2. *Defining the Standard:*

Some courts give no more definition to the standard of "clear and convincing evi-

dence" than to explain its intermediacy between the other standards. *E.g., Cromwell v. Hosbrook,* 81 S.D. 324, 329, 134 N.W.2d 777, 780 (1965). Others risk expository overload in quest of definitional precision. *E.g., In re Sedillo,* 84 N.M. 10, 12, 498 P.2d 1353, 1355 (1972) (clear and convincing evidence would "instantly tilt scales in affirmative when weighed against evidence in opposition and leave factfinder's mind with an abiding conviction that evidence is true"); *In re David C.,* 200 Cal.Rptr. 115, 127, 152 Cal.App.3d 1189, 1208 (1984) (clear and convincing evidence is "so clear as to leave no substantial doubt and must be sufficiently strong to command unhesitating assent of every reasonable mind.")

Division 2 of the Court of Appeals recognized the diminishing returns of excessive definition in *State v. Turrentine,* where it confronted the following instruction:

Clear and convincing evidence is that measure or degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the issue sought to be proved. It is intermediate, being more than a mere preponderance of evidence, but not to the extent of such certainty as required with proof beyond a reasonable doubt.

152 Ariz. at 68, 730 P.2d at 245. Though the court disapproved of the first sentence, it found the second's indication of intermediacy "sufficient to eliminate any possible confusion arising from the use of the terms 'firm belief and conviction.'" *Id.*

Our supreme court has subscribed to the view expressed by McCormick that the clear and convincing evidence standard "could be more simply and intelligibly translated to the jury if they were instructed that they must be persuaded that the truth of the contention is 'highly probable.'" McCormick, *supra,* § 340 at 959–60; *see Matter of Neville,* 147 Ariz. 106, 111, 708 P.2d 1297, 1302 (1985); *Matter of Weiner,* 120 Ariz. 349, 353, 586 P.2d 194, 198 (1978).

### 3. *"Certain" and "Unambiguous"*

We turn now to the trial court's definition of clear and convincing evidence as "certain" and "unambiguous." We note that in New Jersey the clear and convincing standard has been defined as requiring "not ... absolute certainty, but reasonable certainty of the truth of the ultimate fact in controversy." *Lepre v. Caputo*, 131 N.J.Super. 118, 328 A.2d 650, 653 (1974), citing *Bevington v. Bevington*, 133 Iowa 351, 358, 110 N.W. 840, 843 (1907). The Supreme Court of North Carolina, by contrast, reversed a case where the jury was instructed that such evidence "must fully satisfy you, that is, satisfy you to a moral certainty...." To instruct in such terms, the court ruled, required an unjustified "intensity of proof." *Williams v. Blue Ridge Bldg. & Loan Ass'n*, 207 N.C. 362, 363, 177 S.E. 176, 177 (1934), *cited with approval in* McCormick, *supra*, § 340 at 959, n. 7.

We share the aversion of North Carolina to a definitional requirement that the factfinder be certain. Among the common definitions of "certain" are "not to be doubted as a fact: indisputable" and "given to or marked by complete assurance and conviction, lack of doubt, reservation, suspicion, or wavering through or as if through infallible knowledge or perception...." *Webster's Third New International Dictionary of the English Language, Unabridged* (1976). To convince a fact finder to this degree clearly requires a greater intensity of proof than to convince that a proposition is highly probable. The use of the term "certain" is so likely to mislead in defining clear and convincing evidence that, rather than attempting to parse degrees of certainty on a scale from reasonable to moral to absolute, we would avoid its usage altogether.

The error of defining clear and convincing evidence as "certain" was compounded in this case by further definition as "unambiguous." "Ambiguity" is "the condition of admitting of two or more meanings, of being understood in more than one way...." *Id.* Few things in law are unambiguous, least of all the question whether a defendant's lack of understanding of the nature and quality of his acts renders him not responsible by reason of insanity. The defendant in this case was not required to eliminate ambiguity from his proof or to instill certainty in the minds of the jurors. His lesser burden was to persuade the jury that his position on the psychiatric issue was highly probable.

We cannot say beyond a reasonable doubt that the definitional error made no difference. *See State v. Henley*, 141 Ariz. 465, 468, 687 P.2d 1220, 1223 (1984). The psychiatric testimony was highly disputed. Lay witnesses, including the victim, described the assault as completely uncharacteristic of defendant. The victim indicated that she had not seen Renforth react violently in the three years of their relationship. On such proof a jury properly instructed might have been clearly convinced, though not certain, that the defendant had met his burden of proving insanity.

In summary, a party who has the burden of proof by clear and convincing evidence must persuade the jury that his or her claim is highly probable. This standard is more exacting than the standard of preponderance of the evidence, but less exacting than the standard of proof beyond a reasonable doubt. We believe that a jury could be adequately instructed in some such terms as these. To define clear and convincing evidence as "certain" and "unambiguous," by contrast, requires an unwarranted intensity of proof. That definition in this case was fundamental error to the prejudice of defendant.

We reverse and remand for new trial.

GRANT, P.J., and CONTRERAS, J., concur.