751 P.2d 598

**STATE of Arizona, Appellee,**

v.

**Joseph LEONARDO, Appellant.**

**No. 1 CA–CR 11120.**

Court of Appeals of Arizona,
Division 1, Department A.

Dec. 31, 1987.

Review Granted April 5, 1988.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel Crim. Div., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

John M. Antieau, Phoenix, for appellant.

**OPINION**

RICHARD M. DAVIS, Judge Pro Tem.

This appeal follows appellant's conviction upon a jury verdict for attempted second-degree murder. Appellant was sentenced to an aggravated term of 15 years.

The shooting occurred on April 3, 1986. The victim, Peter Bradley, had recently been appellant's roommate. After appellant insisted that he leave, Bradley rented another apartment in the same complex. As Bradley was returning home from work on April 3, appellant motioned him to stop his car. Appellant accused Bradley of taking appellant's pots and pans. Bradley, upset but not expecting any physical conflict, got out of his car and approached appellant. Appellant removed a gun from a satchel he was carrying and shot Bradley in the chest from a distance of about 10 feet. He then walked up to Bradley, who was on the ground, and shot him in the

mouth. Bradley survived and testified at trial.

■ The only issue raised in appellant's brief relates to his attempt to subpoena as witnesses former Governor Babbitt, Attorney General Corbin, Maricopa County Attorney Collins, and Phoenix Police Chief Ortega. These, the argument goes, would have more firmly established appellant's insanity (paranoia) defense, because they would have denied any knowledge of appellant, who testified that he had concluded prior to the shooting that they must have been part of a conspiracy against him. Appellant also testified that he thought Bradley was part of the conspiracy.

We find no merit at all in this argument. The parameters of appellant's paranoid pattern of thinking were the subject of testimony that was not seriously disputed. The trial judge determined that because none of the governmental figures knew appellant, none could contribute any substantially relevant testimony to the proceeding. We find no basis for disturbing his ruling. *See State v. Hagen*, 27 Ariz.App. 722, 727, 558 P.2d 750, 755 (1976).

A more serious question arises from this court's search of the record for fundamental error pursuant to A.R.S. § 13-4035. One of the jury instructions in this case is virtually identical to the instruction held fundamentally erroneous in *State v. Renforth*, 155 Ariz. 385, 746 P.2d 1315 (App. 1987) (review granted Nov. 17, 1987, limited to the issue of whether the instruction was fundamental error).

The trial judge in this case instructed the jury in part as follows:

To be "clear and convincing," the evidence should be "clear" in the sense that it is certain, plain to the understanding and unambiguous. It must also be "convincing" in the sense that it is so reasonable and persuasive as to cause you to believe it.

However, immediately thereafter he also instructed the jury thus:

The defendant's burden of proving that he is not responsible for criminal conduct by reason of insanity in no way alters the State's burden of first proving

the defendant guilty beyond a reasonable doubt. Only if that first occurs do you get to a consideration of the defense of not responsible for criminal conduct by reason of insanity. As to that defense, the burden of proof is on the defendant to prove this insanity defense by clear and convincing evidence.

Since the terms used for these two defined burdens are different, let me tell you that a burden of proof of clear and convincing evidence is somewhat less than proof beyond a reasonable doubt. For your further information, each is specifically defined for you in instructions No. 11 and 13 which I previously gave you.

The jury was otherwise fully instructed in regard to the state's burden of proof beyond a reasonable doubt, and in regard to the defense of insanity.

We emphasize that the only question before us is whether use of the "certain" and "unambiguous" definitional language constitutes, in context, fundamental error. We do not believe it does.

Initially, a majority of this panel has reservations as to whether the instruction focused upon in *Renforth* constitutes fundamental error.

The countervailing policy to recognizing fundamental error is expressed in Rule 21.-3(c), Arizona Rules of Criminal Procedure:

c. **Waiver of Error.** No party may assign as error on appeal the court's giving or failing to give any instruction or portion thereof or to the submission or the failure to submit a form of verdict unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection.

To the extent that fundamental error is recognized, the clearly stated policy of Rule 21.3(c) is eroded.

■ Fundamental error can occur by omission, which can be the result of oversight, or by the giving of an erroneous instruction. Where, as here, the error is in the giving of an instruction after notice to counsel, it can at least be said that counsel

**284**

has been exposed to the instruction and has perceived no glaring error in it prejudicial to his client.

This court believes that the language focused upon in *Renforth* is erroneous. *See* in addition to *Renforth* the case of *Taylor v. Commissioner of Mental Health & Mental Retardation*, 481 A.2d 139, 152–155 (Me.1984). While a majority questions its elevation to fundamental error, we need not explore the extent of our obligations under *stare decisis* because we believe that the remaining instructions herein sufficiently qualified and diminished the *Renforth* error.

■ The relevant test as it has been formulated is whether the instruction goes to the foundation of the action, or deprives the defendant of a right essential to his defense. *See, e.g., State v. Avila*, 147 Ariz. 330, 338, 710 P.2d 440, 448 (1985); *State v. Edgar*, 126 Ariz. 206, 209, 613 P.2d 1262, 1265 (1980); and *State v. Evans*, 109 Ariz. 491, 493, 512 P.2d 1225, 1227 (1973). It has sometimes also been stated that the instruction or lack thereof must be such as to manifestly deprive the defendant of a fair trial. *State v. Young*, 116 Ariz. 385, 386, 569 P.2d 815, 816 (1977); *State v. Coward*, 108 Ariz. 270, 271, 496 P.2d 131, 132 (1972).

Critical to our distinction of *Renforth* is the principle that in gauging the effect of jury instructions the charge is considered as a whole. *State v. Schrock*, 149 Ariz. 433, 440, 719 P.2d 1049, 1056 (1986); *State v. McNair*, 141 Ariz. 475, 481, 687 P.2d 1230, 1236 (1984); *State v. Maloney*, 101 Ariz. 111, 114, 416 P.2d 544, 547 (1966), *overruled on other grounds* in *State v. Hardy*, 107 Ariz. 583, 491 P.2d 17 (1971); *Macias v. State*, 36 Ariz. 140, 153, 283 P. 711, 716 (1929); *cf. Kauffman v. Schroeder*, 116 Ariz. 104, 568 P.2d 411 (1977).

■ We believe the charge here had materially different overall effect than the only language in question in *Renforth*. First, the charge emphasized the words "clear and convincing." These are words that stand on their own, and for which further definition is largely superfluous—a point well made in *Renforth*. Second, and more important, the trial court referred to

the lesser burden of showing clear and convincing evidence. This was, without regard to other circumstances, found decisive in *State v. Turrentine*, 152 Ariz. 61, 68, 730 P.2d 238, 245 (App.1986), noted in *Renforth*. We do not believe that with these qualifications this jury could have been fundamentally misled.

We have found no error. The judgment and sentence are affirmed.

JACOBSON, P.J., concurs.

NOTE: The Honorable Richard M. Davis was authorized to participate in this case by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art VI, § 31.

BROOKS, Judge, specially concurring,

I concur in the result reached by the majority. Contrary to the majority, however, I find no fault with this court's opinion in *State v. Renforth*, 155 Ariz. 385, 746 P.2d 1315 (App.1987), wherein we concluded that the trial court's incorrect definition of "clear and convincing evidence" constitutes fundamental error.