776 P.2d 789

**STATE of Arizona, Appellee,**

v.

**Joseph LEONARDO, Appellant.**

**No. CR–88–0040–PR.**

Supreme Court of Arizona.

June 27, 1989.

Robert K. Corbin, Atty. Gen., by Jessica Gifford Funkhouser and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

John M. Antieau, Phoenix, for appellant.

GORDON, Chief Justice.

A jury convicted Joseph Leonardo (defendant) of attempted second-degree murder and found the offense to be of a dangerous nature. Defendant received a sentence of imprisonment for an aggravated term of 15 years. The court of appeals affirmed defendant's conviction and we granted his petition for review. We have appellate jurisdiction pursuant to Arizona Constitution art. 6, § 5(3), A.R.S. § 12–120.24, and Arizona Rules of Criminal Procedure, Rule 31.19, 17 A.R.S.

## FACTS

Defendant and Peter Bradley shared an apartment for a short time during 1986. Defendant, believing Bradley was part of a conspiracy directed against him, demanded that Bradley move out. Bradley moved into another apartment in the same complex. Defendant believed Bradley continued to watch him as part of the conspiracy.

On April 3, 1986, defendant encountered Bradley in the apartment complex parking lot, and they argued about some pots and pans possibly missing from defendant's apartment. When Bradley left his car and walked toward defendant, defendant shot Bradley in the chest. Then, he walked up to Bradley, who was lying on the ground, and shot him in the face. Authorities arrested defendant later that night at his brother's apartment. Bradley survived and testified at trial.

On April 11, 1986, the Maricopa County grand jury indicted defendant on two counts: attempted first-degree murder of Bradley, a class 2 felony, in violation of A.R.S. §§ 13–703, 13–808, 13–1001, 13–1101, and 13–1105, and aggravated assault of a bystander, a class 3 felony, in violation of A.R.S. §§ 13–701, 13–702, 13–801, 13–808, 13–1203, and 13–1204.

At trial, defendant raised the defenses of insanity and self-defense. On the insanity issue, George Peabody, M.D., testified for defendant. He stated that defendant suffered from a chronic paranoid disorder, and, at the time of the offense, defendant suffered a delusion that caused him to believe he acted in a rightful and lawful manner in seeking to defend himself. Dr. Peabody stated that defendant did not know the shooting was wrong.

On rebuttal, the State presented testimony of Carl Wellish, M.D., Michael Brad Bayless, Ph.D., and Leonardo Garcia-Bunuel, M.D. Dr. Wellish testified that defendant was mentally ill, but was not suffering from a delusion that Bradley was part of a conspiracy. According to Dr. Wellish, defendant's problems with Bradley were separate from his delusional problems

regarding the conspiracy. Dr. Bayless testified that defendant was not mentally ill. Dr. Garcia–Bunuel testified that although defendant was mentally ill, he was able to comprehend his actions and realize they were wrong.

The trial judge instructed the jury in part that:

[T]he defendant has the burden of proving that he is not responsible for criminal conduct by reason of insanity by clear and convincing evidence.

To be clear and convincing the evidence should be clear in the sense that it is certain, plain to the understanding, and unambiguous. It must also be convincing in the sense that it is so reasonable and persuasive as to cause you to believe it.

[T]he defendant's burden of proving that he is not responsible for criminal conduct by reason of insanity in no way alters the state's burden of first proving the defendant guilty beyond a reasonable doubt. Only if the first occurs do you get to a consideration of the defense of not responsible for criminal conduct by reason of insanity. As to that defense, the burden is on the defendant to prove this insanity defense by clear and convincing evidence.

Since the terms used for these two burdens are different, let me tell you that a burden of proof of clear and convincing evidence is somewhat less than proof beyond a reasonable doubt. For your further information, each is specifically defined for you in instructions No. 11 and 13 which I previously gave you.

The jury returned verdicts of not guilty on the aggravated assault count and guilty on attempted second-degree murder, a dangerous offense.

## DECISION OF THE COURT OF APPEALS

On appeal, defendant argued that the trial judge erroneously denied his attempt to subpoena as witnesses former Governor Babbitt, Attorney General Corbin, Maricopa County Attorney Collins, and Phoenix Police Chief Ortega. Defendant testified that prior to the shooting he believed these officials were part of a conspiracy against him. He claimed these witnesses would more firmly establish his insanity defense because they would deny any knowledge of defendant.

The court of appeals found no merit in defendant's argument. Defendant's paranoia was not seriously disputed. According to the court of appeals, the trial judge correctly determined that because none of the officials knew defendant, none could contribute any substantially relevant testimony.

The court of appeals searched the record for fundamental error as required by A.R.S. § 13–4035, and addressed the propriety of the jury instructions defining clear and convincing evidence. The court noted that another panel of the court of appeals found a virtually identical instruction to be fundamental error in *State v. Renforth*, 155 Ariz. 385, 746 P.2d 1315 (App.1987), *petition for review vacated*, 158 Ariz. 487, 763 P.2d 983 (1988). The court of appeals distinguished *Renforth* because Leonardo's jury instructions contained additional language comparing the burdens of beyond a reasonable doubt and clear and convincing. The instructions given in *Renforth* did not contain the comparative language. Thus, the Leonardo court held that *Renforth* did not control and that Leonardo's jury instructions contained no fundamental error.

## DISCUSSION

At the time the court of appeals rendered its decision in this case, *Renforth* was pending before this Court on a petition for review. We vacated the *Renforth* petition for review because of our decision in *State v. King*, 158 Ariz. 419, 763 P.2d 239 (1988). *State v. Renforth*, 158 Ariz. 487, 763 P.2d 983 (1988) (vacating petition for review).

In *King*, we cited the court of appeals decision in *Renforth* with approval, and held that jury instructions defining clear and convincing as certain and unambiguous constituted fundamental error. *King*, 158 Ariz. at 422, 763 P.2d at 242. Further-

more, the *King* instructions contained language comparing the burdens of clear and convincing and beyond a reasonable doubt, similar to the language focused on by the court of appeals in *Leonardo*. We held, however, that the comparative language did not render the error harmless. *King,* 158 Ariz. at 225, 763 P.2d at 245.[1]

In *State v. Gardfrey,* 161 Ariz. 31, 775 P.2d 1095 (1989), we held *King* applies to all cases pending on review on the date of the *King* decision. Defendant's case was pending at that time.

At trial, defendant raised self-defense and insanity defenses. When using deadly physical force in self-defense, a person must prove, among other things, that a reasonable person would believe deadly physical force is necessary to protect himself against the other's use or attempted use of unlawful deadly physical force. A.R.S. § 13–405(2). Defendant's self-defense claim failed because he responded with deadly force when he believed he was responding to the threat of non-deadly physical harm. Thus, his case depended primarily on his insanity defense.

Evidence concerning defendant's insanity conflicted. Dr. Peabody stated that defendant was M'Naghten-insane at the time of the offense. The State's three doctors could not agree on (1) whether defendant was mentally ill, or (2) if so, whether his perception of Bradley was part of that mental illness, or (3) if so, whether he nonetheless could comprehend his actions and realize they were wrong.

Given the divided expert testimony, we conclude that the erroneous jury instructions went to the very foundation of defendant's case and took from him a right essential to his defense. *See, e.g., State v. Thomas,* 130 Ariz. 432, 435–36, 636 P.2d 1214, 1217–18 (1982) (defining fundamental error). The increased burden created by the instructions ladened defendant with the almost impossible task of proving his insanity with certain and unambiguous evidence. We are unable to say beyond a reasonable doubt that the error did not contribute to

or affect the verdict. *King,* 158 Ariz. at 424–26, 763 P.2d at 244–46. Furthermore, contrary to the court of appeals opinion, the additional language comparing the burdens of proof did not render the error harmless.

We agree with the court of appeals' decision that the testimony of the four witnesses defendant sought to subpoena would not have enhanced his insanity defense.

The court of appeals' decision is affirmed in part and vacated in part in accordance with this opinion. We reverse defendant's conviction and sentences, and remand for a new trial.

FELDMAN, V.C.J., and CAMERON and MOELLER, JJ., concur.

HOLOHAN, J., participated in this matter but retired prior to the filing of this opinion.

CORCORAN, J., did not participate in the determination of this matter.

---

1. Informing the jury that one burden is less than another does not cure the error in initially

defining the lesser burden at too high a threshold.