IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

THE STATE OF ARIZONA,
*Appellee*,

*v.*

OSCAR CASTILLO MENDOZA,
*Appellant*.

No. 2 CA-CR 2013-0083
Filed March 14, 2014

---

Appeal from the Superior Court in Pima County
No. CR20111912001
The Honorable Teresa Godoy, Judge Pro Tempore

**AFFIRMED**

---

COUNSEL

Thomas C. Horne, Arizona Attorney General
Joseph T. Maziarz, Section Chief Counsel, Phoenix
By David A. Simpson, Assistant Attorney General, Phoenix
*Counsel for Appellee*

Isabel G. Garcia, Pima County Legal Defender
By Scott A. Martin, Tucson
*Counsel for Appellant*

---

**OPINION**

Judge Eckerstrom authored the opinion of the Court, in which Presiding Judge Kelly and Judge Espinosa concurred.

---

E C K E R S T R O M, Judge:

¶1 Following a jury trial, appellant Oscar Mendoza was convicted of child molestation and sentenced to a ten-year term of imprisonment. On appeal, he argues the type of touching that was established at trial does not meet the legal definition of the offense, rendering his conviction unsupported by sufficient evidence. He also contends the trial court erred in instructing the jury. We affirm for the reasons that follow.

## Factual and Procedural Background

¶2 We view the evidence presented at trial in the light most favorable to upholding the verdict, drawing all reasonable inferences against the defendant. *See State v. Roberts*, 126 Ariz. 92, 95, 612 P.2d 1055, 1058 (1980). The victim in this case was a thirteen-year-old girl who was spending the night at Mendoza's residence for a sleepover with her best friend, Mendoza's daughter. After the victim had fallen asleep, her friend went to watch television in another room with her mother, leaving the victim alone. The victim testified Mendoza then came into the bedroom, woke her, lay on top of her, and "started humping" her, meaning he was "rubbing his penis on [her] butt."

¶3 The victim testified she had been lying on her stomach and underneath a blanket when the incident occurred. Both she and Mendoza were wearing clothes. She did not feel his penis during the episode, but she felt his "cro[t]ch" or "genital area" touching her butt and moving against it. When she spoke and tried to get up, Mendoza ran out of the room. The victim then went into another bedroom where Mendoza's daughter was with her mother. The victim was crying and hysterical, and she reported what had happened to her. The mother locked the two girls in the bedroom with her, and Mendoza was reported to the police later that day.

¶4 In his defense, Mendoza argued the victim was not credible and the incident did not happen as she recalled. He also argued to the jury—and to the court, as part of his motion for judgment of acquittal under Rule 20, Ariz. R. Crim. P.—that the facts

presented did not meet the definition of child molestation. After the court denied the motion, the jury found him guilty. This timely appeal followed the entry of judgment and sentence.

**Sufficiency of the Evidence**

**¶5** Mendoza first contends the evidence that he "'humped' the fully clothed victim with his 'crotch' or 'genital area'" through a blanket was insufficient to establish child molestation "because there was no proof of indirect touching, fondling, or manipulating of the genitals." The sufficiency of evidence is a question of law we review de novo. *State v. West*, 226 Ariz. 559, ¶ 15, 250 P.3d 1188, 1191 (2011). "[T]he controlling question is solely whether the record contains 'substantial evidence to warrant a conviction.'" *Id.* ¶ 14, *quoting* Ariz. R. Crim. P. 20(a). Substantial evidence exists if a rational juror could find the elements of the crime proved beyond a reasonable doubt. *Id.* ¶ 16. If "'reasonable minds may differ on inferences drawn from the facts,'" the evidence is substantial and the conviction must be upheld. *Id.* ¶ 18, *quoting State v. Lee*, 189 Ariz. 590, 603, 944 P.2d 1204, 1217 (1997).

**¶6** Child molestation under A.R.S. § 13-1410(A) occurs if a defendant "intentionally or knowingly engag[es] in or caus[es] a person to engage in sexual contact . . . with a child who is under fifteen years of age." Section 13-1401(2), A.R.S., defines sexual contact, in part, as "any direct or indirect touching, fondling or manipulating of any part of the genitals . . . [or] anus . . . by any part of the body or by any object or causing a person to engage in such contact." Indirect touching includes touching through clothing, *State v. Pennington*, 149 Ariz. 167, 168-69, 717 P.2d 471, 472-73 (App. 1985), and the "person" referred to in § 13-1410(A) can mean the child who is the victim of the molestation offense. *State v. Marshall*, 197 Ariz. 496, ¶¶ 26-27, 4 P.3d 1039, 1046-47 (App. 2000). The crime may be committed, therefore, either by the perpetrator indirectly touching the victim's genitals or by causing the victim to indirectly touch those of the perpetrator.

**¶7** Here, the state maintained Mendoza had committed child molestation not by touching the victim's genitals or anus, but

rather by indirectly rubbing his genitals against the victim. We agree.

¶8 The victim's testimony and description of the defendant "humping" her provided sufficient evidence of indirect genital touching to sustain the conviction. *See State v. Jerousek*, 121 Ariz. 420, 427, 590 P.2d 1366, 1373 (1979) ("In child molestation cases, the defendant can be convicted on the uncorroborated testimony of the victim."). The verb "hump," in one of its slang senses, means "[t]o engage in sexual intercourse," *The American Heritage Dictionary* 858 (5th ed. 2011), or "'to copulate with.'" *State v. Ernesto P.*, 41 A.3d 1115, 1121 n.8 (Conn. App. Ct. 2012), *quoting Webster's Third New International Dictionary* 1102 (2002). But the term does not always denote sexual penetration, as demonstrated by the victim's testimony here. *See, e.g.*, *State v. Allen*, 157 Ariz. 165, 168, 755 P.2d 1153, 1156 (1988) (using word "hump[]" to describe defendant rubbing penis against victim's leg); *Downey v. State*, 726 N.E.2d 794, 797-98 (Ind. Ct. App. 2000) (finding insufficient evidence of contact with victim's anus, as opposed to buttocks, when defendant "put his penis between her cheeks of her bottom . . . and started . . . humping her"). The word "hump" can also refer to bodily movements that rub or stimulate a person's genitals through layers of fabric or clothing. *See, e.g.*, *Ernesto P.*, 41 A.3d at 1118, 1121 n.8 (noting word, in context, meant holding the victim "in a sexual embrace"); *State v. Liberty*, 370 S.W.3d 537, 543, 545 (Mo. 2012) (finding description of young boys "humping [defendant's] back" referred to physical contact that "represented apparent acts of sexual stimulation or gratification"); *State ex rel. Nasal v. BJS No. 2, Inc.*, 806 N.E.2d 208, ¶ 18 (Ohio Ct. Common Pleas 2003) (describing "[f]riction dances" at nude-dancing establishment that involved women "humping their vaginal areas on the seated patrons' clothed genitals with the purpose to ejaculate the patrons"). In all of its slang senses, however, the word "hump" denotes both a sexual motivation and some touching, manipulation, or physical stimulation of the genitals.

¶9 Case law from our supreme court illustrates the point. In the dual decisions of *State v. Detrich*, 188 Ariz. 57, 62-63, 932 P.2d 1328, 1333-34 (1997) and 178 Ariz. 380, 384, 873 P.2d 1302, 1306 (1994), the court determined that a witness's testimony of

"humping" was sufficient evidence of sexual contact to support the defendant's conviction for sexual abuse. The crimes of sexual abuse and child molestation share the element of sexual contact. *See* A.R.S. §§ 13-1404(A), 13-1410(A). Accordingly, while the "humping" described here "fell short of . . . completed sexual intercourse," *Detrich*, 188 Ariz. at 63, 932 P.2d at 1334, it nevertheless represented a form of sexual contact that was sufficient to support the guilty verdict, because the jury rationally could infer that Mendoza was rubbing his crotch or genital area against the victim's body to indirectly touch or manipulate his genitals. Indeed, little else could be accomplished by such behavior.

¶10        Contrary to Mendoza's suggestion, a victim is not required to "feel" or "detect" a perpetrator's penis or testes, as this simply is not an element of the offense. Furthermore, the fact that the "humping" here occurred through clothing and a blanket is irrelevant, as the state points out, because the action still amounts to "indirect touching" proscribed by § 13-1401(2). "[T]ouching does not lose its sexual character merely by the imposition of a thickness of cloth," *Moss v. Dist. Court of Tulsa Cnty.*, 795 P.2d 103, 105 (Okla. Crim. App. 1989), and we recognized in *Marshall* that "the potential for emotional harm is manifest notwithstanding the lack of direct physical contact with the molester." 197 Ariz. 496, ¶ 29, 4 P.3d at 1047.

¶11        Although Mendoza discusses in his opening brief certain hypothetical scenarios where other types of touching might not be deemed criminal, we are not presented here with a close case concerning the "limit as to how 'indirect' the touching can be." The overtly sexual and criminal nature of Mendoza's conduct was evident in this case, such that it would be "difficult to conceive of a jury placing an innocent construction on the acts testified to." *Roberts*, 126 Ariz. at 95, 612 P.2d at 1058. In sum, the evidence was sufficient for the jury to find him guilty of child molestation under § 13-1410.

## Instructions

¶12        Mendoza next presents two arguments concerning the trial court's instructions to the jury. Specifically, he contends (1) the

child molestation instruction was "fatally flawed" and (2) the court erred "in failing to instruct the jury on the burden and standard of proof for [his] affirmative defense of lack of sexual motivation." As to the first issue, Mendoza did not object to the court's instruction defining the offense; as to the second, the court apparently provided Mendoza's proposed instruction on this defense over the state's objection. He did not request, nor did he object to the absence of, any additional instructions on the topic.

¶13 Because the issues raised on appeal were not presented and preserved below in accordance with Rules 21.2 and 21.3(c), Ariz. R. Crim. P., we review only for fundamental, prejudicial error. *See State v. Valverde*, 220 Ariz. 582, ¶¶ 12, 14, 208 P.3d 233, 237-38 (2009); *see also State v. Moore*, 222 Ariz. 1, ¶¶ 84-85, 213 P.3d 150, 165 (2009); *State v. Tucker*, 215 Ariz. 298, ¶¶ 65-69, 160 P.3d 177, 195-96 (2007).[1] Although novel assignments of instruction-related error can sometimes rise to this level, we will grant appellate relief only in those rare cases where a defendant has made "[a] particular showing of prejudice." *State v. Eddington*, 226 Ariz. 72, ¶ 22, 244 P.3d 76, 84 (App. 2010), *aff'd*, 228 Ariz. 361, 266 P.3d 1057 (2011). We are not presented with such a case here.

**Child Molestation**

¶14 The trial court instructed the jury on the elements of the offense as follows:

> The crime of molestation of a child requires
> proof of the following:

---

[1]As our discussion below indicates, contrary to Mendoza's contention, this case does not involve structural error that precludes an analysis of prejudice, *see Arizona v. Fulminante*, 499 U.S. 279, 309-10 (1991), as with an instruction that improperly reduces the state's burden of proof. *State v. Glassel*, 211 Ariz. 33, ¶ 74, 116 P.3d 1193, 1213 (2005); *see State v. Torres*, 208 Ariz. 340, ¶ 11, 93 P.3d 1056, 1060 (2004).

> 1. The defendant intentionally or knowingly engaged in or caused a person to engage in any direct or indirect touching, fondling or manipulation of any part of the genitals or anus by any part of the body or by any object or causing a person to engage in such contact with a child; and
>
> 2. The child was under 15 years of age.

(Emphasis omitted.) This instruction combines language from the statutes noted above, §§ 13-1410(A) and 13-1401(2), and Mendoza concedes it is "technically accurate as a cut-and-paste job." He nonetheless argues the instruction was confusing—or "unintelligible gibberish," in his words—because it "failed to explain the elements of the crime in understandable English." He suggests that rather than providing the jury with "one indecipherable run-on sentence," the court instead should have given separate instructions defining child molestation and sexual contact. But "[w]e will not reverse simply because a better instruction could have been given." *State v. Turrentine*, 152 Ariz. 61, 68, 730 P.2d 238, 245 (App. 1986).

¶15 Jury instructions must "adequately set forth the law applicable to the case." *State v. Rosas-Hernandez*, 202 Ariz. 212, ¶ 31, 42 P.3d 1177, 1185 (App. 2002). As the state points out, it is difficult to characterize the instruction here as being decidedly more complex or awkward than the relevant criminal statutes, and Mendoza has failed to articulate how the language of the instruction misstated the law or caused him prejudice. We therefore find no prejudice from the instruction, *see Eddington*, 226 Ariz. 72, ¶ 22, 244 P.3d at 84, and no basis to disturb the verdict.

**Defense**

¶16 Section 13-1407(E), A.R.S., provides that a lack of sexual motivation or interest is a defense to a charge of child molestation. Division One of this court upheld this portion of the statute in *State v. Sanderson*, 182 Ariz. 534, 541-42, 898 P.2d 483, 490-91 (App. 1995), and later specified that a defendant must prove this affirmative

defense by a preponderance of the evidence. *State v. Simpson*, 217 Ariz. 326, ¶ 19, 173 P.3d 1027, 1030 (App. 2007); *see* A.R.S. § 13-205(A).

¶17 The trial court here instructed the jury that "it is a defense to molestation of a child if the defendant was not motivated by a sexual interest." Mendoza argues the lack of further instructions on the topic might have caused the jury to mistakenly believe that he had the burden to prove his defense beyond a reasonable doubt. We disagree.

¶18 Here, as in *Valverde*, 220 Ariz. 582, ¶¶ 15-17, 208 P.3d at 237, and *State v. Karr*, 221 Ariz. 319, ¶¶ 13, 15-16, 212 P.3d 11, 14-15 (App. 2008), the lack of further instructions did not result in any prejudice, but most likely benefitted the defendant by relieving him of any burden of proof.[2] During closing argument, defense counsel told the jury, "[I]t is your job to determine whether or not anything that happened was motivated by any kind of sexual interest." His other remarks suggested such motivation was an element of the

---

[2]We assume without deciding that a lack of sexual interest is an affirmative defense. Mendoza has not argued, and we therefore do not address, whether shifting the burden of proof to a defendant on a defining feature of child molestation—sexual motivation for the touching of a child—would violate federal due process rights. *See In re Winship*, 397 U.S. 358, 361, 364 (1970) (holding "Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged" and observing such standard of proof is accepted "as the measure of persuasion by which the prosecution must convince the trier of all the *essential* elements of guilt") (emphasis added); *see also Simpson*, 217 Ariz. 326, ¶¶ 11-24, 173 P.3d at 1029-31 (interpreting lack of sexual motivation as affirmative defense and concluding such motivation not described as element of statutory offense); *Sanderson*, 182 Ariz. at 542, 898 P.2d at 491 (concluding lack of sexual motivation an affirmative defense, but approving jury instruction that nonetheless required state to prove sexual motivation beyond a reasonable doubt once defense had been raised).

offense to be proven by the state beyond a reasonable doubt. The state simply responded that Mendoza had a sexual interest and that the evidence proved, beyond a reasonable doubt, he had molested the victim. The state did not suggest that the defendant carried any burden or that a special standard of proof applied with respect to his sexual interest or motivation. The trial court's instructions likewise suggested no burden existed except the ordinary one placed on the state. The instructions instead emphasized that "the defendant is not required to . . . produce any evidence" and that "the state must prove all of its case against the defendant with its own evidence." We therefore find no prejudice from the instructions here.

¶19        Our conclusion is reinforced by the fact that Mendoza did not emphasize and rely on a defense that he had innocently touched the victim's genitals or had innocently caused the victim to touch his own. His primary defense challenged the credibility or accuracy of the victim's testimony and essentially denied that any genital contact had occurred. In short, this case did not hinge on the question of sexual interest or motivation. Thus, the omission of further instructions on this matter did not result in prejudice.

**Disposition**

¶20        For the foregoing reasons, Mendoza's conviction and sentence are affirmed.