**Danilo Zabala ARTEZ, Petitioner-Appellant,**

v.

**Richard T. MULCRONE, Commissioner, and U. S. Parole Commission, Respondent-Appellee.**

No. 81–2037.

United States Court of Appeals, Tenth Circuit.

April 1, 1982.

Danilo Zabala Artez, pro se.

Before BARRETT, McKAY and LOGAN, Circuit Judges.

## PER CURIAM.

After examining the brief and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). The cause is therefore ordered submitted without oral argument.

Danilo Zabala Artez appeals from a district court order dismissing his petition for writ of habeas corpus. In his petition Artez challenged the United States Parole Commission's denial of his application for parole. Specifically, he alleged that 18 U.S.C. § 4206(a)[1] unconstitutionally grants judicial powers to the Parole Commission and violates the *Ex Post Facto* Clause. Additionally, he alleged that his parole category rating violated his equal protection guarantees. We find these arguments unpersuasive.

Artez's arguments that section 4206(a) is an unconstitutional delegation of judicial power and an *ex post facto* law are something like the following: The judiciary has the responsibility for sentencing those convicted of crimes. When the trial court imposes a sentence, it considers all known relevant factors and bases its sentence upon the supposition that the prisoner who behaves in prison will be released on parole after serving one-third of the sentence. In permitting the Parole Commission to deny release at the one-third mark on the basis of factors the district court previously considered in imposing sentence, section 4206(a) unlawfully delegates judicial power to the Parole Commission and permits it to increase punishment at a later date, in violation of the *Ex Post Facto* Clause.

Section 4206(a) does not unconstitutionally usurp the judicial function. In granting or denying parole, the Parole Commission does not modify a trial court's sentence, but merely determines whether the individual will serve the sentence inside or outside the prison walls. *See Moore v. Nelson*, 611 F.2d 434, 439 (2d Cir. 1979); *Marrero v. Warden*, 483 F.2d 656, 661 (3d Cir. 1973), *rev'd on other grounds*, 417 U.S. 653, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974); *Smaldone v. United States*, 458 F.Supp. 1000, 1003 (D.Kan.1978). Even assuming the trial judge had an expectation with respect to the date at which the sentenced defendant would be released, short of the statutory term, it is not enforceable by the judge, much less the prisoner, as the United States Supreme Court made plain in a recent decision:

"[T]he judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term. The judge may well have expectations as to when release is likely. But the actual decision is not his to make, either at the time of sentencing or later if his expectations are not met. To require the Parole Commission to act in accord-

---

1. 18 U.S.C. § 4206(a) provides:

"If an eligible prisoner has substantially observed the rules of the institution or institutions to which he has been confined, and if the Commission, upon consideration of the nature and circumstances of the offense and the history and characteristics of the prisoner, determines:
(1) that release would not depreciate the seriousness of his offense or promote disrespect for the law; and

(2) that release would not jeopardize the public welfare;
subject to the provisions of subsections (b) and (c) of this section, and pursuant to guidelines promulgated by the Commission pursuant to section 4203(a)(1), such prisoner shall be released."

ance with judicial expectations, and to use collateral attack as a mechanism for ensuring that these expectations are carried out, would substantially undermine the congressional decision to entrust release determinations to the Commission and not the courts."
*United States v. Addonizio*, 442 U.S. 178, 190, 99 S.Ct. 2235, 2243, 60 L.Ed.2d 805 (1979).

██ Artez's contention as to the *Ex Post Facto* Clause fails as well. That clause prohibits Congress and the states from enacting any law that "imposes a punishment for an act which is not punishable at the time it was committed; or imposes additional punishment to that then prescribed . . . ." *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 325–26, 18 L.Ed. 356 (1867). In *Weaver v. Graham*, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), the Supreme Court stated that two critical elements must be present for a criminal or penal law to be *ex post facto*: "[I]t must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it." *Id.* at 29, 101 S.Ct. at 964 (footnotes omitted). In the instant case, because Artez was convicted and sentenced almost three years after Congress enacted section 4206(a), the Parole Commission did not apply that section retrospectively. We conclude that application of section 4206(a) to Artez did not violate the *Ex Post Facto* Clause.

██ Artez further alleges that his placement in a "Greatest II" parole category, applicable to the most severe crimes, *see* 28 C.F.R. § 2.20, violates his right to equal protection because it is the only administrative category that does not indicate the maximum time a prisoner customarily must serve before being released on parole. A legislative or administrative classification that does not involve a fundamental right or an inherently suspect class is permissible if it has some rational basis or advances a legitimate government interest. *See McGinnis v. Royster*, 410 U.S. 263, 276, 93 S.Ct. 1055, 1062, 35 L.Ed.2d 282 (1973); *United States v. Shead*, 568 F.2d 678, 684

(10th Cir. 1978). The Commission's explanation is that the cases in this category are limited in number and extremely varied, 28 C.F.R. § 2.20, and therefore require individual consideration. Additionally, society has a legitimate interest in ensuring that prisoners convicted of serious crimes not be released before serving their full sentences unless they are rehabilitated. Those are rational bases for the Commission's classification. We also note that the classifications are only guidelines and none of them ensure or preclude a grant of parole. *See id.*

AFFIRMED.