720 P.2d 962

**The STATE of Arizona, Appellee,**

v.

**Robbie EVANS, Appellant.**

**No. 2 CA–CR 3820.**

Court of Appeals of Arizona,
Division 2, Department A.

Jan. 30, 1986.

Review Denied April 22, 1986.

Robert K. Corbin, Atty. Gen. by Eric J. Olsson, Tucson, for appellee.

Frederic J. Dardis, Pima County Public Defender by Katherine Markoulis, Tucson, for appellant.

FERNANDEZ, Judge.

Appellant was convicted of driving under the influence of intoxicating liquor with two prior DUI convictions, a class 5 felony. Appellant was sentenced to 180 days in prison and to three years' probation.

Appellant contends that the court failed to rule on his Rule 11 motion for mental examination. He also contends that his conviction should be reversed because the court erroneously precluded his designated insanity defense.

■ We agree with appellant's first contention. Three mental health experts examined appellant and filed reports. However, our examination of the record does not reveal any ruling on appellant's Rule 11 motion. We remand for a determination of that issue. See *Drope v. Missouri,* 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975); *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

■ Shortly before trial, the state moved to preclude the use of an insanity defense, contending that the only witness whose testimony could support this defense was insufficient as a matter of law to raise the defense in view of the requirements of A.R.S. § 13–502 which was amended in 1983. The applicable portions of the statute provide as follows:

> "A. A person is not responsible for criminal conduct by reason of insanity if at the time of such conduct the person was suffering from such a mental disease or defect as not to know the nature and quality of the act or, if such person did know, that such person did not know that what he was doing was wrong.
>
> B. The defendant shall prove he is not responsible for criminal conduct by reason of insanity by clear and convincing evidence."

In deciding this issue the court heard the testimony of Dr. Martin Levy, Ph.D., who is the former chief of clinical psychology at the University of Arizona Medical School. After Dr. Levy's testimony the court ruled that his opinion on the question of sanity did not meet the requirements of Rules 702

and 703, Rules of Evidence, 17A A.R.S., since he did not have enough of an opinion on the issue to assist the jury and, absent that opinion, there could be no instruction on the insanity defense. The court did permit Dr. Levy to testify as to the organic brain syndrome from which appellant suffers and the manner in which that condition manifests itself. We have reviewed all the evidence presented and agree with the court that there was insufficient evidence to allow the insanity defense.

This case is remanded with instructions to determine the Rule 11 motion. If the motion is denied, then the conviction is affirmed. If the motion is granted, then the court is to proceed accordingly.

HATHAWAY, C.J., and HOWARD, P.J., concur.