**UNITED STATES of America,**

v.

**Douglas L. SNOWDEN, Movant.**

Crim. No. 87–20033–01.
Civ. No. 87–3291.

United States District Court,
D. Kansas.

Jan. 12, 1988.

MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter comes before the court on Douglas L. Snowden's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. On March 26, 1987, movant was charged in a one-count indictment with unlawful possession of a firearm by a convicted felon in violation of 18 U.S.C., Appendix II, § 1202(a)(1). The court accepted movant's guilty plea on June 22, 1987, and on July 27, 1987, imposed a sentence of imprisonment for a term of fifteen years with no opportunity for parole or suspension of sentence.

Movant alleges three grounds in support of his motion: (1) The indictment was based on a repealed federal statute; (2) Because the statute under which movant was indicted had been repealed, the court had no jurisdiction over the offense and had no authority to accept movant's guilty plea or to impose any sentence; and (3) The indictment charged movant under an enhancement statute without including a predicate offense. For the reasons discussed below, Snowden's motion will be denied.

Movant is correct that 18 U.S.C., Appendix II, § 1202(a)(1) was repealed by Congress. *See* Pub.L. 99–308 § 104(b), 100 Stat. 449, 459 (1986). Pursuant to section 110(a) of Public Law 99–308, the repeal took effect on November 19, 1986, one hundred and eighty days after the law's enactment.[1] *See United States v. Gourley*, 835 F.2d 249, n. 1 (10th Cir.1987). Movant is incorrect, however, in concluding that the repealed statute does not apply to his November 13, 1986, arrest, at which time he was in possession of a weapon. The statute in effect at the time of the violation is the applicable statute; to conclude otherwise would necessitate ignoring the general savings provision, 1 U.S.C. § 109, and a well-settled and analogous *ex post facto* rule. Because the statute was still in effect at the time of movant's violation, the

Amanda S. Meers, Asst. U.S. Atty., Kansas City, Kan., for the U.S.

Michael Harris, Asst. Federal Public Defender, Kansas City, Kan., for movant.

1. Movant claims that the repeal took effect November 16, 1986, and the government claims that the repeal took effect November 15, 1986. Under either date, the repeal still took place after movant's arrest on November 13, 1986; therefore, our analysis would be the same no matter which date is accepted as the effective date of the statute's repeal.

indictment properly cited 18 U.S.C., Appendix II, § 1202(a)(1), and the court properly based its acceptance of movant's plea and movant's sentence on the statute.

Although "[t]he common law recognized a presumption that repeal of a criminal statute abated all prosecutions which had not reached final disposition[,]" Congress became aware that the abatement doctrine could result in a "haven from prosecution" for offenders who violated a statute repealed after their violations but before their convictions and sentencings. *United States v. Blue Sea Line*, 553 F.2d 445, 447 (5th Cir.1977). Consequently, Congress passed a general savings clause, 1 U.S.C. § 109, to eliminate "the pitfalls of abatement." *Id.* This general savings clause provides in pertinent part:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

1 U.S.C. § 109. The words "penalty," "forfeiture," and "liability" apply to criminal offenses and their punishments. *United States v. Reisinger*, 128 U.S. 398, 402, 9 S.Ct. 99, 100, 32 L.Ed. 480 (1888). "Thus, unless the repealing statute explicitly provides otherwise, the repeal of a criminal statute neither abates the underlying offense nor affects its attendant penalties with respect to *acts committed prior to repeal.*" *United States v. Bradley*, 455 F.2d 1181, 1190 (1st Cir.1972), *aff'd*, 410 U.S. 605, 93 S.Ct. 1151, 35 L.Ed.2d 528 (1973) (emphasis added).

Because Public Law 99–308 § 104(b), which repealed Title VII of the Omnibus Crime Control and Safe Streets Act of 1968

(18 U.S.C., Appendix II, §§ 1201 *et seq.*), does not expressly provide for abatement, the general savings provision applies. Therefore, the repeal of the statute had no effect on movant's acts, which occurred prior to the effective date of the statute's repeal.

■ Additionally, this conclusion is consistent with one of the well-settled *ex post facto* rules. The *ex post facto* clause "prohibits Congress and the states from enacting any law that 'imposes a punishment for an act which is not punishable at the time it was committed; or imposes additional punishment to that then prescribed....'" *Artez v. Mulcrone*, 673 F.2d 1169 (10th Cir. 1982) (quoting *Cummings v. Missouri*, 71 U.S. (4 Wall.) 277, 325–26, 18 L.Ed. 356 (1867)). Thus, in applying the *ex post facto* clause, the court "must focus upon the law in effect at the time of [the] *offense* for which a person is being punished." *United States ex rel. Forman v. McCall*, 709 F.2d 852, 856 (3d Cir.1983), *cert. denied*, 476 U.S. 1119, 106 S.Ct. 1981, 90 L.Ed.2d 663 (1986) (citing *Weaver v. Graham*, 450 U.S. 24, 25, 101 S.Ct. 960, 962, 67 L.Ed.2d 17 (1981)); *see also Marshall v. Garrison*, 659 F.2d 440, 442 n. 3 (4th Cir.1981); *Rodriguez v. United States Parole Commission*, 594 F.2d 170, 175 n. 6 (7th Cir.1979). Snowden's motion presents no *ex post facto* problem.[2] Nevertheless, the above-quoted rule supports our conclusion that the applicable statute is the statute in effect when an offender commits the crime in question, not when he is indicted or sentenced. In essence, the general savings provision is the reverse of the *ex post facto* provision: the *ex post facto* clause prohibits increasing the punishment by statutory amendment or enactment after the crime occurs, while the general savings provision prohibits reducing or eliminating the punishment by statutory repeal after the crime occurs. *See Blue Sea Line*, 553 F.2d at

---

**2.** Movant was not convicted of a "new crime" and was not given "additional punishment." The substance of section 1201(a)(1), under which movant was indicted and sentenced, is now found at 18 U.S.C. §§ 922(g)(1) and 924(e)(1). 18 U.S.C., Appendix II, §§ 1201 *et seq.* was repealed because Public Law 99–308

combined into one section all of the offenses related to the sale of firearms to unqualified persons, and the receipt, possession, and transport of firearms by unqualified persons. *See* H.Rep. No. 495, 99th Cong., 2d Sess., *reprinted in* 1986 U.S.Code Cong. & Admin.News 1327, 1328.

448. Applying the criminal statute in effect at the time of the offense, whether or not the statute subsequently is repealed or amended, provides for consistency and certainty in the criminal justice system. For this reason, and the reasons discussed above, we hold that 18 U.S.C., Appendix II, § 1202(a)(1) applied to movant's indictment, plea, and sentence, and that the court exercised proper jurisdiction and authority pursuant to this statute.

■ Movant also argues that he was charged under an enhancement statute without being charged with the required predicate offense. If section 1202(a) were only an enhancement statute, movant's argument might have merit; however, section 1202(a) is a statute which includes both a criminal offense provision and a sentence enhancement provision. The first sentence of section 1202(a) identifies five categories of individuals for whom it is a crime to receive, possess, or transport firearms.[3] As a convicted felon, movant falls into the first category, section 1202(a)(1). When Snowden was arrested November 13, 1986, he was in possession of a firearm. Thus, movant committed a federal crime described in 1202(a)'s first sentence. *See, e.g., United States v. West,* 826 F.2d 909, 911 (9th Cir.1987); *United States v. Gregg,* 803 F.2d 568, 570 (10th Cir.1986), *cert. denied,* — U.S. ——, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987).

The second sentence of section 1202(a), commonly referred to as the Armed Career Criminal Act, was added in 1984 to expand section 1202(a)(1), the subsection pertaining to felons, and to increase the penalty for an already existing federal offense.[4] *See West,* 826 F.2d at 911; *United States v. Hawkins,* 811 F.2d 210, 218 (3d Cir.), *cert. denied,* — U.S. ——, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987); *Gregg,* 803 F.2d at 570. The Armed Career Criminal Act is a sentence enhancement provision, its purpose being to "provide for a stiffer sentence for career criminals." *West,* 826 F.2d at 912 (quoting 130 Cong.Rec. S13080 (daily ed. Oct. 4, 1984)). Congress retained this enhancement provision in 18 U.S.C. § 924(e)(1), just as it retained section 1202(a)(1)'s criminal offense in section 922(g)(1). Because Snowden had five previous burglary convictions at the time of his sentencing for the section 1202(a)(1) offense, the enhancement provision applied. Therefore, the court correctly imposed the mandatory sentence of fifteen years imprisonment, without possibility for suspension, probation, or parole.

In summary, we conclude that movant's indictment was based on the correct federal statute, that the court exercised proper jurisdiction and authority in accepting movant's guilty plea and in imposing sentence, and that 18 U.S.C., Appendix II, § 1202(a), under which movant was convicted and sentenced, includes a predicate offense provision as well as a sentence enhancement provision. Accordingly, Snowden's section 2255 motion to vacate, set aside, or correct his sentence must be denied.

---

3. Section 1202(a) provides:
  (a) Any person who—
    (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, or
    (2) has been discharged from the Armed Forces under dishonorable conditions, or
    (3) has been adjudged by a court of the United States or of a State or any political subdivision thereof of being mentally incompetent, or
    (4) having been a citizen of the United States has renounced his citizenship, or
    (5) being an alien is illegally or unlawfully in the United States,
  and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

4. Section 1202(a) further provides:
  In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court referred to in paragraph (1) of this subsection for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.

IT IS THEREFORE ORDERED that Snowden's motion is denied.