UNITED STATES of America, Plaintiff,

v.

William D. CAMMISANO, Jr., Defendant.

No. 88–00065–01–CR–W–9–5.

United States District Court, W.D. Missouri, W.D.

June 30, 1988.

**848**

Joel Pelofsky, Shughart, Thomson & Kilroy, Kansas City, Mo., for defendant.

Paul Becker, Asst. U.S. Atty., Kansas City, Mo., for plaintiff.

### ORDER

SCOTT O. WRIGHT, Chief Judge.

On June 21, 1988, this Court entered an Order denying the defendant's first motion to dismiss the indictment. The trial of this case began on June 28, 1988. Upon reconsideration, it is the opinion of this Court that the defendant's motion should have been granted. Therefore, the Court shall grant the defendant's first motion to dismiss the indictment at this time.

### Factual Background

1. Pending Indictment

On May 24, 1988, the grand jury indicted William D. Cammisano, Jr. on two counts: Count I alleges that on October 25, 1986, the defendant knowingly received a firearm in violation of 18 U.S.C. § 922(h)(1) (1968); Count II alleges that on October 27, 1986 and October 28, 1986, the defendant transported a firearm in violation of § 922(g)(1) (1968).[1] The defendant moved

---

1. The 1968 statute was amended on May 19, 1986, by the Firearm Owners' Protection Act,

to dismiss this indictment on the grounds that the defendant is not "under a disability" within the meaning of 18 U.S.C. § 921 *et seq.* (Gun Control Act of 1968).

2. Expunction of 1969 State Court Conviction

On January 16, 1969, the defendant pleaded guilty to second degree burglary, a felony, in the Circuit Court of Henry County, Missouri. Judge Kelso Journey entered an order sentencing Cammisano to three years in the Missouri Department of Corrections on April 3, 1969.

The defendant was never incarcerated, but successfully completed a three-year probation term. In 1972, Judge Journey filed a certificate pursuant to *Mo.Rev.Stat.* § 549.111(2) (1967) which restored to defendant "all rights and privileges of citizenship."

On June 9, 1986, an Order was entered by Judge William Roberts amending the April 3, 1969 judgment. The June, 1986 order states that the April 3, 1969 order "was in error because the actual judgment rendered by the Court was that William Cammisano, Jr. should receive a suspended imposition of sentence and a three-year probation term."

3. 1968 Amendment to Gun Control Act

On May 19, 1986, the Firearm Owners' Protection Act, P.L. 99–308, *reprinted in* No. 5 U.S.Code & Ad.News, 100 Stat. 449, July, 1986, was passed amending portions of the Gun Control Act of 1968. As a result of the amendments, § 921(a)(20) [now 18 U.S.C. § 921(a)(20) ] reads as follows:

(2) ... what constitutes a conviction of such a crime [i.e. a crime punishable by imprisonment for a term exceeding one year] shall be determined according to the law of the jurisdiction in which the proceedings were held. Any conviction that has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be

P.L. 99–308, *reprinted in* No. 5 U.S. Code & Ad.News, 100 Stat. 449, July, 1986.

considered a conviction for purposes of this chapter, ...

The amendments to §§ 921 and 922 made by the Firearm Owners' Protection Act "shall become effective one hundred eighty days after the date of the enactment of this Act." 18 U.S.C. § 921 note (Supp.1987). Thus, the amendments took effect 180 days after May 19, 1986, or about November 15, 1986.

*Discussion*

Effect of Amendment on P.L. 99-308

The amendments to the Gun Control Act of 1968 were "designed to relieve the nation's sportsmen and firearms owners and dealers from unnecessary burdens under the Gun Control Act of 1968, to strengthen the Gun Control Act of 1968 to enhance the ability of law enforcement to fight violent crime and narcotics trafficking, and to improve administration of the Act." H.R. 99-495, 99th Cong.2d Sess., *reprinted in* No. 4 U.S. Code & Ad.News 1327 (1986). The amendments were enacted on May 19, 1986, with an effective date of November 15, 1986.

The amendment which is particularly crucial in the case of defendant Cammisano is § 921(a)(20) which states in pertinent part:

(20) What constitutes a conviction of such a crime [punishable by imprisonment for a term exceeding one year] shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, ...

This amendment would apply to the defendant because his 1969 state court conviction was expunged and the defendant's civil rights were fully restored.

The critical inquiry, therefore, is whether or not the amendments (effective November 15, 1986) apply to the defendant's case. Upon reconsideration, it is the Court's conclusion that because the amendments were in effect at the time of the indictment, they are controlling here. The indictment, therefore, must be dismissed.

The United States Supreme Court has held that "... a court is to apply the law in effect at the time it renders its decision, unless doing so would result in manifest injustice or there is statutory direction or legislative history to the contrary." *Bradley v. School Board of City of Richmond*, 416 U.S. 696, 711, 94 S.Ct. 2006, 2016, 40 L.Ed.2d 476 (1974). In the present case, the amendments were in effect both at the time of the indictment and the trial. The United States argues that because the crime occurred in late October, 1986, approximately 2 weeks before the effective date of the amendments on November 15, 1986, the defendant should be indicted and convicted for receiving and transporting a firearm.

Clearly, to convict the defendant of such a charge would result in manifest injustice to the defendant. The amendments to the Gun Control Act of 1968 were designed specifically to protect sportsmen like defendant Cammisano whose records had been cleared.

The United States argues that the Savings Clause found at 1 U.S.C. § 109 operate to preserve the charges against defendant Cammisano. It is well-settled that the Savings Clause works to prevent "... abatement of prosecutions which had not reached final disposition in the highest court authorized to review them." *See, e.g. Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 660, 94 S.Ct. 2532, 2536, 41 L.Ed.2d 383 (1974). The prosecution of this case did not occur until April, 1988 and, accordingly, was not subject to the Savings Clause. The term "prosecution" clearly imports a beginning and an end. The beginning is the indictment. *See United States v. Holley*, 818 F.2d 351 (5th Cir.1987); *United States v. Orellanes*, 809 F.2d 1526 (11th Cir.1987).

The United States relies on the decision in *United States v. Snowden*, 677 F.Supp. 1108 (D.Kan.1988), to support its argument

that the Savings Clause preserves the indictment against defendant Cammisano. This reliance is misplaced for several reasons. First of all, the *Snowden* decision used the Savings Clause to sustain a prosecution under 18 U.S.C. § 1202(a)(1). The *Snowden* court relied on *United States v. Bradley*, 455 F.2d 1181 (1st Cir.1972), for the proposition that it is the timing of the alleged criminal act that is determinative. In contrast to the instant case, *Bradley* involved a special and specific savings clause, not § 109. The clause in *Bradley* provided that:

> Prosecutions for any violation of law occurring prior to the effective date of [the Act] shall not be affected by the repeals or amendments made by [it] ... or abated by reason thereof.

Unlike the general Savings Clause, the one in *Bradley* specifically tied non-abatement to the time of the alleged criminal act. In addition, in *Bradley*, unlike the instant case, the prosecution began prior to the effective date of the repealer. This Court concurs with the defendant's position that the United States' reliance on the *Snowden* decision is misplaced.

This Court concludes that the amendments of the Gun Control Act of 1968 are applicable to the defendant's case because the indictment and trial began after the amendments had taken effect.

Accordingly, it is hereby

ORDERED that, upon reconsideration, the defendant's first motion to dismiss the indictment is granted.