**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alvin Omega OWENS,
Defendant–Appellant.**

No. 87–8556.

United States Court of Appeals,
Eleventh Circuit.

Sept. 6, 1988.

---

Sandra Popson, Macon, Ga., (Court-appointed), for defendant-appellant.

Miriam Wansley Duke, Asst. U.S. Atty., Macon, Ga., for plaintiff-appellee.

Before TJOFLAT and EDMONDSON, Circuit Judges, and WISDOM[*], Senior Circuit Judge.

EDMONDSON, Circuit Judge:

In this opinion we construe and apply the Insanity Defense Reform Act of 1984.[1] Alvin Omega Owens was indicted and convicted for possession of a firearm in violation of 18 U.S.C.App. sec. 1202(a)(1) (as amended by the Armed Career Criminal Act of 1984 (ACCA)).[2] At trial, he presented expert witness testimony on the issue of his insanity at the time of the alleged crime. The district court nonetheless declined to instruct the jury on insanity. Because there was sufficient evidence to require an instruction on insanity, Owens is entitled to a new trial.

BACKGROUND

In March 1986 Owens was arrested for possession of a pistol. He was later indicted for this offense: the indictment listed Owens' five previous state convictions for burglary; it charged Owens with "unlawfully possess[ing] a firearm ..., which firearm had been shipped and transported in interstate commerce; all in violation of Title 18, United States Code, Section 1202(a)(1) App." Pursuant to Fed.Rule Crim.Proc. 12.2, Owens' attorney then filed a "Notice of Intention" indicating that "the defendant intends to rely upon the defense of insanity as of the time of the crime alleged in the indictment."

At trial Owens attempted to describe the circumstances surrounding his arrest.[3] He testified that he was unaware that he possessed the gun in question until the police officer discovered it under Owens' shirt; he denied ownership of the gun.[4]

Another defense witness was Dr. Cook, who holds a Ph.D. and practices psychology. Dr. Cook testified regarding her evaluation of Owens in December 1985: "I gave [Owens] two personality tests, an intelligence test, a test for organic brain damage and an achievement test.... [Then,] I gave him about a twenty-minute interview." Dr. Cook then stated that Owens "was severely emotionally disturbed and was experiencing a psychotic process and I gave him the diagnosis of simple schizophrenia." She explained her diagnosis as follows:

> [Psychosis] means that basically you're out of touch with reality and in Mr. Owens' case, I felt that he fluctuated in and out of touch with reality, that his problem solving ability to deal with day-to-

[*] Honorable John Minor Wisdom, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

1. Pub.L. No. 98–473, secs. 401–06, 98 Stat. 2057–70 (1984).

2. Pub.L. No. 98–473, sec. 1802, 98 Stat. 2185 (1984). Effective November 15, 1986, portions of sec. 1202(a) were amended and incorporated into 18 U.S.C. secs. 922(g) & 924(e)(1). Firearms Owners' Protection Act, Pub.L. No. 99–308, sec. 104(b), 100 Stat. 449, 459 (1986); see United States v. Jackson, 824 F.2d 21, 22 n. 2 (D.C.Cir. 1987). The 1986 amendments do not govern this case, however, because Owens committed his possession offense and he was indicted prior to November 1986. See United States v. Springfield, 829 F.2d 860, 865 (9th Cir.1987); United

States v. Snowden, 677 F.Supp. 1108 (D.Kan. 1988).

3. Owens testified that he had been drinking the night that he was arrested. He could not remember the name of the bar where he was arrested; nor could he remember the names of his drinking companions.

4. When asked if the police officer said why he arrested Owens, Owens stated, "He said for possession of a gun." Owens testified that he told the officer that "I didn't have no gun." On cross-examination, Owens again asserted that he "didn't have a gun"—that he "didn't know about it."

day tasks was so weak and so limited that he had a very, very weak grasp of reality and at times, would lose all contact with reality.

Dr. Cook further explained that Owens' "psychotic" state made him "unaware" of his "surroundings." Following the testimony of Dr. Cook, Dr. Bohn, the Government's expert, testified. Although Dr. Bohn concluded that Owens was not "psychotic", he admitted· that Owens "shows some evidence of disturbance".

At the end of trial, the district court agreed to give an instruction on expert witness testimony. Nevertheless, the court declined to instruct the jury on insanity; instead, the court gave an instruction on the elements of "possession" and "consciousness." Owens was found guilty and was sentenced to a term of fifteen years imprisonment.

## JURY INSTRUCTION ON INSANITY

In the Insanity Defense Reform Act of 1984, Congress defined the insanity defense as follows:

(a) Affirmative defense.—It is an affirmative defense to a prosecution under any Federal statute that, at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts. Mental disease or defect does not otherwise constitute a defense.

(b) Burden of proof.—The defendant has the burden of proving the defense of

insanity by clear and convincing evidence.

18 U.S.C. sec. 17.

Owens attempted to present an insanity defense to the federal offense of gun possession; but the jury received no instruction on insanity. Although the district judge recognized that conscious possession of a gun was essential for guilt,[5] he seemingly doubted that insanity could constitute an affirmative defense to possession of a firearm. The district court also stated that the evidence would not "justif[y] a charge on the defense of insanity".

■ Section 17 of Title 18, states that insanity is a "defense to a prosecution under *any* Federal statute...." 18 U.S.C. sec. 17(a) (emphasis added). Nothing in 18 U.S.C.App. sec. 1202(a) says that insanity is no defense. Therefore, we conclude that insanity can be an affirmative defense to a prosecution for possession of a gun.

Traditionally, in this Circuit, a defendant who requested an instruction on insanity was entitled to it "if there [was] some evidence supporting the claim of insanity.... This means only slight evidence." *Blake v. United States*, 407 F.2d 908, 911 (5th Cir.1969) (en banc). This quantum of evidence rule, however, predates 18 U.S.C. section 17. When Congress enacted section 17 as part of the Insanity Defense Reform Act of 1984, Congress changed the law: Congress redefined insanity and gave defendants the burden of proving insanity by "clear and convincing evidence." *Id.* sec. 17(b); *see* S.Rep. No. 98–225, 98th Cong., 2d Sess., *reprinted in* 1984 U.S. Code Cong. & Ad.News 3182, 3407, 3411– 12; *United States v. Freeman*, 804 F.2d 1574, 1575 (11th Cir.1986).[6]

---

**5.** On appeal, Owens contends that the district court improperly limited the testimony of Dr. Cook to the issue of "consciousness". Our examination of the Record indicates, however, that Dr. Cook was allowed to testify fully regarding her examination and diagnosis of Owens. To the extent that Owens complains that "[t]he jury was never told whether this expert believed that defendant's mental disease prevented him from being able to appreciate the nature and quality or the wrongfulness of his acts", we find no error: Rule 704(b) of the Federal Rules of Evidence prohibits expert witnesses from testifying regarding such "ultimate issues" as "whether the defendant did or did not have the mental state or condition constituting

an element of the crime charged or of a defense thereto." *See United States v. Alexander*, 805 F.2d 1458, 1464 (11th Cir.1986) ("courts should be liberal in admitting testimony (and evidence) regarding the issue of insanity so long as that testimony does not violate the restriction of Rule 704(b).").

**6.** This change in law can make a difference in the outcome of criminal trials:

Prior to the Act, evidence short of proof of sanity beyond a reasonable doubt would entitle defendant to an acquittal. The Act, by allocating the burden of proof to defendant, results in an acquittal by reason of insanity

The change in the burden of proof necessarily altered our standard for determining whether there is sufficient evidence to require an instruction on insanity. Under *Blake* and its progeny, the "slight evidence" rule was inextricably intertwined with the Government's burden of proof. As long as there was "some evidence supporting the claim of insanity", the Government had to prove "sanity beyond a reasonable doubt", and the jury needed to be informed accordingly. *Blake*, 407 F.2d at 911–12. Now, under 18 U.S.C. sec 17, the existence of only "some" or "slight" evidence raises no ground for acquittal; the defendant must come forward with "clear and convincing evidence" of insanity. So, the *Blake* "slight evidence" standard no longer controls.

The Supreme Court has stressed that "a higher burden of proof should have a corresponding effect on the judge when deciding to send the case to the jury...." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986) (stating this proposition in relation to the motion for summary judgment or directed verdict in civil trials, and the motion for a judgment of acquittal in criminal trials). The well-established rule in this Circuit is that "the question of the sufficiency of the evidence necessary to make an issue for the jury on the defense of insanity ... is for the *court.*" *Blake*, 407 F.2d at 911

(emphasis added). Put differently, "[t]he trial court is not required to instruct the jury on a defense theory if the evidence is insufficient as a matter of law for the defendant to prevail on that theory." *Sullivan v. Blackburn*, 804 F.2d 885, 887 (5th Cir.1986). *See also Strauss v. United States*, 376 F.2d 416, 419 (5th Cir.1967) ("The judge is the law-giver. He decides whether the facts constituting the defense framed by the proposed charge, if believed by the jury, are legally sufficient to render the accused innocent."); *United States v. Lewis*, 592 F.2d 1282, 1285 (5th Cir.1979) ("It has long been established in this Circuit that it is reversible error to refuse to charge on a defense theory for which there is an evidentiary foundation and which, if believed by the jury, would be legally sufficient to render the accused innocent.").

■ We hold that, where the issue of insanity has otherwise been properly raised, a federal criminal defendant is due a jury instruction on insanity when the evidence would allow a reasonable jury to find that insanity has been shown with convincing clarity.[7] Recalling the jury's right to determine credibility, to weigh the evidence, and to draw justifiable inferences of fact, the trial judge must construe the evidence most favorably to the defendant. The court also needs to remember that, although the "clear and convincing" stan-

---

only if insanity is proven clearly and convincingly.

There is a substantial middle ground or "grey area" between government proof of sanity (beyond a reasonable doubt) and clear and convincing proof of insanity. Prior to the Act, if the evidence raised a reasonable doubt as to defendant's sanity or showed him to be possibly insane, he should be acquitted. Under the Act, the same state of the evidence, where his sanity is in doubt or he is possibly but not clearly and convincingly insane, i.e. in the same middle ground, he would not be entitled to an acquittal. The Act thus denies a defendant acquittal if he falls in the middle ground or grey area whereas the pre-Act law would require acquittal in such circumstances.

*United States v. Kowal*, 596 F.Supp. 375, 379 (D.Conn.1984). *See generally* S.Rep. No. 98–225, 1984 U.S.Code Cong. & Ad.News at 3412 ("only those defendants who plainly satisfy the requirements of the defense are exonerated

from what is otherwise culpable criminal behavior.").

7. Section 4242(b) of Title 18 says that "if the issue of insanity is raised by notice as provided in Rule 12.2 of the Federal Rules of Criminal Procedure, ... the jury shall be instructed to find ... the defendant—(1) guilty; (2) not guilty; or (3) not guilty only by reason of insanity." We do not understand this statute to be a command—regardless of the lack of an evidentiary foundation for the defense—to instruct the jury on the insanity defense and to use a special verdict form just because a Rule 12.2 Notice has been filed. The headline to section 4242(b) is "Special Verdict." This headline, along with our study of the legislative history, tells us that the intended purpose of 4242(b) was not to define fully what constitutes effectively raising the insanity defense, but to demand special verdicts once the court has concluded that the procedural and evidentiary prerequisites for an insanity defense have been met.

dard is a fairly high one, "clear and convincing" does not call for the highest levels of proof.[8] If evidence would permit the jury to find to a high probability that defendant was insane, an insanity instruction is required.

■ In this case sufficient evidence supports the giving of an instruction on insanity. Particularly important, Dr. Cook, Owens' expert witness, testified that she diagnosed Owens as a "psychotic" who would lose touch with reality. Viewing the evidence in the light most favorable to the defendant, Owens presented enough evidence to require an instruction pursuant to 18 U.S.C. sec. 17.

Accordingly, we VACATE Owens' judgment of conviction; we REMAND this case for a new trial.[9]

---

**8.** The Supreme Court has described "clear and convincing evidence" as an "intermediate standard" of proof: the "clear and convincing" standard lies somewhere between "proof by a preponderance of the evidence" and "proof beyond a reasonable doubt." *See Addington v. Texas,* 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979) (discussing standard constitutionally required to commit a mentally ill person); *see also* S.Rep. No. 98–225, 1984 U.S.Code Cong. & Ad.News at 3412 (describing the IDRA of 1984: "a more rigorous requirement than proof by a preponderance of the evidence is necessary...."). "Clear and convincing" does not mean "unequivocal," or "proof that admits of no doubt." *Addington,* 441 U.S. at 432, 99 S.Ct. at 1812.

Arizona has adopted a statute that—like the federal statute, 18 U.S.C. sec. 17(b)—requires a defendant affirmatively to prove the defense of insanity by "clear and convincing evidence." *See* Ariz.Rev.Stat.Ann. sec. 13–502 (1984). In *State v. Renforth,* 155 Ariz. 385, 746 P.2d 1315 (Ct.App.), *review granted,* No. CR–87–0199–PR (Ariz. Nov. 17, 1987), Judge Fidel described the pertinent standard of proof as follows:

The defendant in this case was not required to *eliminate* ambiguity from his proof or to ins-

till certainty in the minds of the jurors. His lesser burden was to persuade the jury that his position on the psychiatric issue was highly probable....

In summary, a party who has the burden of proof by clear and convincing evidence must persuade the jury that his or her claim is highly probable. This standard is more exacting than the standard of preponderance of the evidence, but less exacting than the standard of proof beyond a reasonable doubt.

*Id.* 746 P.2d at 1318. *See State v. Evans,* 149 Ariz. 577, 720 P.2d 962 (Ct.App.1986) (in view of the pertinent "clear and convincing evidence" standard, defendant was not entitled to insanity instruction). We accept this as the standard in this Circuit as well.

**9.** Owens has raised other issues in this appeal. He argues that (1) the police officer who searched Owens and discovered the pistol violated Owens' Fourth Amendment rights; (2) there was insufficient proof at trial to show that the pertinent pistol travelled in interstate commerce; and (3) due to an alleged deficiency in the indictment, Owens was improperly sentenced to a mandatory minimum term of fifteen years imprisonment under 18 U.S.C.App. sec. 1202(a). These arguments are unpersuasive.