9 F.3d 1555
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bradley Allen SEYMOUR, Defendant-Appellant.
 No. 92-10609.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bradley Allen Seymour appeals his conviction, following a jury trial, for bank robbery in violation of 18 U.S.C. § 2113(a). Seymour contends the district court erred by refusing to give a jury instruction on the insanity defense. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 It is an affirmative defense to a federal prosecution that, "at the time of the commission of the acts constituting the offense, the defendant, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts." 18 U.S.C. § 17. When a defendant has otherwise properly raised the issue of insanity, he is entitled to a jury instruction on insanity only "when the evidence would allow a reasonable jury to find that insanity has been shown with convincing clarity." Whitehead, 896 F.2d at 435 (quoting United States v. Owens, 854 F.2d 432, 435 (11th Cir.1988)). The defendant cannot meet his burden merely by demonstrating that he "may well have been" suffering from a serious mental disease or defect when the crimes were committed; he must present evidence from which a reasonable factfinder could conclude with convincing clarity that the defendant could not appreciate the nature or wrongfulness of his actions. See id. at 433, 435-36.
 
 
 4
 Here, the defense presented two witnesses: Dr. Dibacco, a psychologist who twice examined the defendant, and Seymour himself. Dibacco testified that: Seymour had been diagnosed as paranoid and schizophrenic in 1983; Seymour suffers from a severe personality disorder; this personality disorder did not render him incapable of appreciating the wrongfulness of his conduct when he robbed the bank; and that Seymour was aware that his actions were wrong when he turned himself in. Seymour testified that: he has had hallucinations; he robbed the bank to get revenge against the government for the way he was treated while in prison, and because he needed money; he attempted to dump some evidence of the robbery so he would not get caught; and that he turned himself in after the robbery because "two wrongs don't make a right."
 
 
 5
 Neither Dibacco nor Seymour testified that Seymour was suffering from a severe mental defect rendering him unable to appreciate that his actions were wrong when he robbed the bank. In fact, Dibacco testified that Seymour was not so impaired. Cf. Whitehead, 896 F.2d at 433, 435-36 (expert's testimony that defendant may well have been suffering from post-traumatic stress disorder at time of bank robbery insufficient to require insanity instruction). Although Seymour testified that he robbed the bank to get revenge on the government, he also testified that he turned himself in because what he did was wrong. Furthermore, Seymour's actions in discarding evidence that might link him to the robbery and fleeing the area of the robbery indicate that he knew his conduct was wrongful. No evidence was presented from which a reasonable factfinder could conclude with convincing clarity that he was unable to appreciate the wrongfulness of his conduct. See id. at 435. Accordingly, the district court properly denied Seymour's proposed jury instruction on insanity. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3