UNITED STATES, Appellee,

v.

Jack F. DUBOSE, Lance Corporal,
U.S. Marine Corps, Appellant.

No. 97–0152.
Crim.App. No. 95–0284.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 28, 1997.[1]

Decided Jan. 13, 1998.

For Appellant: *Commander Carol J. Cooper*, JAGC, USN (argued); *Lieutenant James P. Benoit*, JAGC, USNR (on brief).

---

1. Oral arguments were heard in this case at Wake Forest University School of Law, Winston–Salem, North Carolina, as part of the Court's Project Outreach. *See* 38 MJ 136, 137 n. 1 (CMA 1993).

For Appellee: *Lieutenant Commander Christian L. Reismeier*, JAGC, USN (argued); *Colonel Charles Wm. Dorman*, USMC, and *Commander D.H. Myers*, JAGC, USN (on brief); *Captain Daren K. Margolin*, USMC.

Amicus Curiae: *Phillip B. Feiner*, law student (argued); *Carol B. Anderson* and *Ronald F. Wright* (on brief)—For Wake Forest University School of Law Clinical Appellate Program.

### Opinion of the Court

COX, Chief Judge:

Appellant was tried by a general court-martial composed of a military judge alone and found guilty of violating a lawful general order by manufacturing and possessing a bomb; violating 26 USC § 5861(c) by possessing a destructive device made in violation of 26 USC § 5822; violating 26 USC § 5861(f) by wrongfully making a destructive device in violation of 26 USC § 5822; violating 26 USC § 5861(d) by wrongfully possessing an unregistered firearm; and of being absent without leave, in violation of Articles 92, 134, and 86, Uniform Code of Military Justice, 10 USC §§ 892, 934, and 886, respectively. Consistent with his pleas, appellant was found not guilty of attempted murder and assault. On June 14, 1994, appellant was sentenced to a bad-conduct discharge and 12 months' confinement. This Court granted review to determine whether the Court of Criminal Appeals applied an incorrect standard for mental responsibility as a matter of law. 46 MJ 451.

The following facts are not disputed. Appellant admitted to making a destructive device and leaving it in his locker with the intent to kill himself. He then left his unit and stayed away as an unauthorized absentee. Shortly thereafter, members of appellant's unit opened the locker, found the device, and disassembled it. At trial, an explosives expert testified that the device (a pipe bomb in a glass jar filled with a flammable liquid) was an intricate one, ready to explode, and would have seriously injured or killed everyone in the room.

Appellant raised the affirmative defense of lack of mental responsibility. Notwithstanding expert testimony presented by a neuropsychologist and two clinical psychologists, one of whom evaluated appellant pursuant to RCM 706, Manual for Courts–Martial, United States (1995 ed.), as well as corroborating testimony presented by appellant's squad leader about appellant's irregular behavior on the day of the offense, appellant was found to be mentally responsible for his criminal acts. *See* Art. 50a(b), UCMJ, 10 USC § 850a(b); RCM 916(k).

On appellant's petition, the Court of Criminal Appeals reviewed the sufficiency of the Government's case. 44 MJ 782 (1996). Appellant argued the Government had failed to prove him guilty beyond a reasonable doubt because the defense had proved that he suffered from a severe mental disease, which made him unable to appreciate the nature and quality or wrongfulness of his conduct. The appellate court noted that a 1986 amendment adding Article 50a to the UCMJ placed the burden on appellant to prove by clear and convincing evidence that he lacked mental responsibility at the time of the offense.[2] Furthermore, the court referred to its previous decisions that lack of mental responsibility "cannot be determined in a factual void, solely on the basis of subjective expert opinions." 44 MJ at 783.

---

2. The relevant part of Article 50a reads as follows:

> § 850a. Art. 50a. Defense of lack of mental responsibility
> (a) It is an affirmative defense in a trial by court-martial that, at the time of the commission of the acts constituting the offense, the accused, as a result of a severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of the acts. Mental disease or defect does not otherwise constitute a defense.

> (b) The accused has the burden of proving the defense of lack of mental responsibility by clear and convincing evidence.

This amendment to the UCMJ was enacted in 1986 by the National Defense Authorization Act for Fiscal Year 1987, Pub.L. No. 99–661, Div. A, Tit. VIII, § 802, 100 Stat. 3905, and was intended to correspond with the Comprehensive Crime Control Act of 1984 revision of the federal insanity defense. S. Saltzburg, L. Schinasi, D. Schlueter, *Military Rules of Evidence Manual* 745 (3d ed.1991).

The court below held that, "in order for the defense [of lack of mental responsibility] to pertain, there must be clear and convincing objective evidence, not merely subjective medical opinion, that the appellant at the time of the offense either did not know what he was doing or did not know what he was doing was wrong." *Id.* at 784. To spell out this standard, the court explained that *"first* [appellant must] show by clear and convincing evidence, based upon the facts and circumstances surrounding the offense," that he lacked mental responsibility at the time of the offense, and *"then* [he must] establish, by clear and convincing evidence, that his lack of understanding [of wrongfulness] was due not to some non-medical cause, ... but was the result of a severe mental disease or defect." The lower court concluded that the facts and circumstances of this case show that appellant was aware of the wrongfulness of his acts, and therefore, he had not proven a lack of understanding by clear and convincing evidence. The court determined that, because the evidence did not meet the first prong of its test, it was unnecessary to consider the severe mental disease prong of the test. *Id.* at 784.

We hold that the court below erred in its application of the standard of proof for the affirmative defense of lack of mental responsibility. Article 50a, implemented through RCM 916(k), imposes upon the accused the burden of proving lack of mental responsibility by clear and convincing evidence. Although the term "clear and convincing" implies a more stringent *standard* of proof lying somewhere between "preponderance of the evidence" and "beyond a reasonable doubt,"[3] there is nothing in the UCMJ provision that requires a different *mode* of proof for lack of mental responsibility than any other determinative fact.

In this context, we first consider the relevance of the proffered evidence in light of Mil.R.Evid. 401 and 402, Manual, *supra.* The fact that is determinative of whether appellant met his burden of proof is his inability, at the time of the act, to "appreciate the nature and quality or the wrongfulness of the acts." Art. 50a(a). To be generally admissible as relevant evidence, testimony offered to show the accused's inability to appreciate the nature and quality or wrongfulness of his acts at the time of the crime must make a determination of that fact more or less probable. *See* Mil. R.Evid. 401 and 402. Here, testimony from experts in the fields of psychology and neuropsychology was properly admitted to support the affirmative defense of lack of mental responsibility.

Expert testimony under the 700 series of the Military Rules of Evidence is clearly admissible as "relevant evidence." Once the foundation has been laid concerning an expert's qualification, the expert may testify regarding his or her field of expertise to the extent that it will help the trier of fact to comprehend the evidence or resolve the factual issues at hand. *See* Mil.R.Evid. 702. In this case, the three experts who testified on behalf of appellant were duly qualified and one relied on facts and data gathered from a mental examination of appellant, while the others based their opinions upon data reasonably relied upon by experts in the fields of psychology and neuropsychology. *See* Mil. R.Evid. 703. Thus, testimony by defense experts was properly admissible and should have been afforded proper consideration by the trier of fact.

In its review of a trial record, the appellate court must apply the test of whether the defense met its burden of establishing the defense of lack of mental capacity by clear and convincing evidence. All relevant

---

**3.** *See United States v. Owens,* 854 F.2d 432, 435–36 (11th Cir.1988) (holding that, in order to justify a jury instruction on the lack of mental responsibility defense, a reasonable jury must be able to find from the evidence that insanity has been shown with "convincing clarity." However, " 'clear and convincing' does not call for the highest levels of proof," merely "a high probability" of insanity); *see also Addington v. Texas,* 441 U.S. 418, 431–32, 99 S.Ct. 1804, 1812, 60 L.Ed.2d 323 (1979) ("clear and convincing" is not defined as "unequivocal" or "proof that admits of no doubt," but rather is a "middle level burden of proof"), cited in *Owens, supra* at 436 n. 8.

evidence, whether "objective" or "subjective," must be considered by the lower court in its review of sufficiency. There is no premium placed upon lay opinion as opposed to expert opinion, nor on "objective" as opposed to "subjective" evidence. Thus, the court below applied an improper test by requiring "clear and convincing objective evidence, not merely subjective medical opinion" of a lack of mental capacity. 44 MJ at 784.

Furthermore, in *United States v. Young*, 43 MJ 196 (1995), the central case relied upon by the lower court, this Court was confronted with an entirely different issue than that presented here. We were called upon to determine whether Young was entitled to a post-trial hearing concerning his lack of mental responsibility at the time of the offense. We simply reviewed all of the relevant evidence and concluded the affirmative defense was not raised. *Id.* at 199.

We hold that the court below erred in its application of the clear and convincing standard of review of the lack of mental responsibility defense.

The decision of the United States Navy–Marine Corps Court of Criminal Appeals is set aside. The record of trial is returned to the Judge Advocate General of the Navy for remand to that court for further review in light of this opinion. Thereafter, Article 67, UCMJ, 10 USC § 867 (1994), shall apply.

Judges SULLIVAN, CRAWFORD, GIERKE, and EFFRON concur.