# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10089
c/w No. 14-10091
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 3, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BENTLEY MARK JENKINS,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:06-CR-18
USDC No. 4:13-CR-32

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Following a jury trial, Bentley Mark Jenkins was convicted of bank robbery and sentenced to 240 months of imprisonment. Jenkins's term of supervised release for a prior bank robbery conviction was also revoked and a 24-month consecutive sentence was imposed. In these consolidated appeals, the only issue raised by Jenkins concerns the district court's decision not to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

instruct the jury on the insanity defense at his most recent trial. Jenkins contends that, in accordance with 18 U.S.C. § 4242, the district court was required to instruct the jury on the insanity defense because he timely gave notice to raise the defense pursuant to Federal Rule of Criminal Procedure 12.2(a).

We review the district court's refusal to give a jury instruction on insanity as a question of law de novo. *United States v. Dixon*, 185 F.3d 393, 403 (5th Cir. 1999). As the Government asserts, Jenkins's argument ignores our precedent. In *Dixon*, 185 F.3d at 402-07, we outlined the quantum of evidence necessary for submission of an insanity instruction. Noting that a defendant had to prove an insanity defense by "clear and convincing evidence," we determined that a district court must give an insanity instruction "when the evidence would allow a reasonable jury to find that insanity has been shown with convincing clarity." *Id.* at 404 (quoting *United States v. Owens*, 854 F.2d 432, 435 (11th Cir. 1988)). This threshold standard set forth in *Dixon* was reaffirmed in *United States v. Long*, 562 F.3d 325, 332 (5th Cir. 2009). Accordingly, Jenkins's argument that § 4242 required the district court to instruct the jury on the insanity defense solely on the basis of his timely notice of raising the defense pursuant to Rule 12.2 is unavailing. *See Dixon*, 185 F.3d at 404; *see also Owens*, 854 F.2d at 436 n.7.

Jenkins also argues that he satisfied the above threshold standard to warrant the insanity instruction. Viewing the evidence in the light most favorable to Jenkins, the district court did not err in concluding that there was insufficient evidence to warrant the instruction on the defense of insanity. *See Dixon*, 185 F.3d at 404. While Ray McClung's testimony established that Jenkins suffered from mild depression and a paranoid personality disorder, which McClung classified as severe, these facts alone are not sufficient to

warrant an instruction. *See id.* at 406. As the district court noted, there was no evidence that Jenkins's paranoid personality disorder had elapsed into a psychotic episode at the time of the robbery. Moreover, there was no explanation as to how Jenkins's illnesses may have prevented him from appreciating the wrongfulness of his crime. *See id.* at 407. Rather, the undisputed evidence showed that Jenkins was able to appreciate the wrongfulness of his actions. *See United States v. Barton*, 992 F.2d 66, 69 (5th Cir. 1993).

Jenkins failed to "provide sufficient evidence so that a rational jury could conclude, by clear and convincing evidence, that he was unable to appreciate his wrongdoing as a result of a severe mental illness." *See Dixon*, 185 F.3d at 406. Accordingly, the district court did not err in refusing to instruct the jury on the insanity defense. *See id.*

AFFIRMED.