726 P.2d 1099

The STATE of Arizona, Appellee,

v.

David Corwin BOWLING, Sr., Appellant.

No. 2 CA–CR 4048.

Court of Appeals of Arizona, Division 2, Department A.

July 10, 1986.

Review Denied Sept. 30, 1986.

Robert K. Corbin, Atty. Gen. by Bruce M. Ferg, Tucson, for appellee.

Leonard N. Sowers, Kearny, and E. Coleman Gorman, Apache Junction, for appellant.

OPINION

FERNANDEZ, Judge.

After a jury trial the appellant was convicted and sentenced to an aggravated term of 15 years for the second-degree murder of Milton Setty, to a term of 12 years for aggravated assault against Linda Bowling and to the presumptive term of 7.5 years for aggravated assault against Darrin Roles. We affirm the convictions but remand for resentencing.

Appellant and his wife, Linda, separated in June 1984 and she filed for divorce. During the separation, Linda developed a relationship with Milton Setty, a chiropractor who was also going through a divorce. In late July, appellant, while driving, saw Linda going in the opposite direction, together with Dr. Setty and Darrin Roles, who were in separate vehicles. Dr. Setty was in the process of moving, and Roles and Linda were helping him. Appellant followed them to the trailer park where he had a confrontation with Dr. Setty and then left.

A short time later, appellant returned, got out of his car, and shot Dr. Setty. Appellant then pointed his gun at Roles and asked where Linda was. Roles fled the scene. Appellant then entered Setty's trailer, grabbed Linda by the hair, and dragged her outside and placed her next to Dr. Setty. Linda begged appellant not to kill her. Appellant removed the bullets from the gun and surrendered to police when they arrived. The defense was not guilty by reason of insanity.

Appellant contends 1) Arizona's insanity defense statute, A.R.S. § 13–502, which requires a defendant to prove his insanity by clear and convincing evidence, is unconstitutional, and the state failed to prove every element of the crime beyond a reasonable doubt; 2) the testimony of the defense's mental health expert was so confusing that the jury was unable to comprehend it; 3) the grand jury procedure was improper and 4) a new trial should be granted because of

newly-discovered evidence. We find no merit in any of these contentions.

## CONSTITUTIONALITY OF STATUTE AND BURDEN OF PROOF

A.R.S. § 13–502 requires that a defendant prove his assertion of insanity by clear and convincing evidence. The defendant carries the burden of proof throughout the trial, and the state is not required to prove the defendant sane beyond a reasonable doubt.

■ Appellant argues that this statute constitutes an improper and unconstitutional shift of the burden of proof. The United States Supreme Court has rejected this contention, however, in holding that an Oregon statute which required a defendant to prove an insanity defense beyond a reasonable doubt did not violate the United States Constitution. *Leland v. Oregon*, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed.2d 1302 (1952). We find no compelling reason to hold that the due process clause of the Arizona Constitution, article 2, § 4, provides greater rights than those of the federal constitution under these facts. *State v. Turrentine*, 152 Ariz. 61, 730 P.2d 238 (Ct.App.1986); see *State v. Fletcher*, 149 Ariz. 187, 717 P.2d 866 (1986). Although it is the state's burden to prove each element of the crime beyond a reasonable doubt, sanity is not an element of the crime. *State v. Fletcher*, supra. Rather, the insanity defense is the result of a public policy which exonerates the defendant from guilt. That, however, does not relate to the elements of the crime; therefore, it is not unconstitutional to place the burden of proof on the defendant.

Appellant suggests that *Leland v. Oregon* is no longer good law because of *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), and *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). We disagree since the Supreme Court has refused to change the *Leland v. Oregon* holding. See *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

## PSYCHOLOGIST'S TESTIMONY

■ Appellant complains that the testimony of the psychologist who appeared as a defense expert was confusing and difficult to follow and thereby prejudiced appellant. We disagree. Both parties presented mental health experts, and the jury obviously found the appellant sane. However, the appellant was successful in obtaining a second-degree murder verdict although he had been charged with first-degree murder and there was evidence from which a jury could have found premeditation. We find no error.

## GRAND JURY PROCEEDINGS

■ Appellant complains that the grand jury only received hearsay evidence and not eyewitness testimony. Arizona law allows indictments to be based on hearsay. *State v. Baumann*, 125 Ariz. 404, 610 P.2d 38 (1980). In any event, the issue is not reviewable by appeal. *State v. Verive*, 128 Ariz. 570, 627 P.2d 721 (App.1981).

## NEWLY–DISCOVERED EVIDENCE

■ Appellant has attached a letter to his opening brief and asserts that its inclusion is in the nature of a motion for new trial because of newly-discovered evidence. This court cannot review matters which have never been presented to the trial court. Appellant's proper action is to file a petition for post-conviction relief.

## SENTENCING ERROR

On appeal the state has discovered an error in sentencing which requires that the case be remanded. Appellant was sentenced to a term of 15 years for the second-degree murder conviction. The court treated the conviction as a dangerous nature conviction and found that the sentence should be aggravated. At the time of the offense, second-degree murder was a class 2 felony.

■ The record contains no separate allegation of dangerous nature since it was

inherent in the crimes originally charged— first-degree murder and aggravated assault with a deadly weapon. However, appellant was convicted of second-degree murder on a general verdict after the jury had been instructed on all three ways in which second-degree murder can be committed. Under A.R.S. § 13–1104(A)(3), the jury could have found that Dr. Setty's death was caused recklessly, and there was some evidence to support such a finding. Since A.R.S. § 13–604(K) requires that the infliction of serious personal injury have been knowing or intentional, that requirement was not satisfied if the jury found that appellant acted recklessly. Therefore, appellant must be resentenced with the second-degree murder conviction treated as a non-dangerous offense. *State v. Grilz*, 136 Ariz. 450, 666 P.2d 1059 (1983).

Convictions affirmed; remanded for resentencing on the second-degree murder count.

HATHAWAY, C.J., and HOWARD, P.J., concur.