NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

CHARLES THOMAS LOWE, *Appellant*.

No. 1 CA-CR 15-0152
FILED 3-29-2016

---

Appeal from the Superior Court in Maricopa County
No. CR2014-103670-001
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Carlos Daniel Carrion
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge John C. Gemmill delivered the decision of the Court, in which Presiding Judge Andrew W. Gould and Judge Margaret H. Downie joined.

---

**G E M M I L L**, Judge:

¶1        Charles Lowe appeals from his conviction and sentence for one count of aggravated assault, a class 3 dangerous felony. Lowe contends the trial court erred in failing to hold an aggravation hearing to allow the jury to determine the dangerousness allegation. Although the court erred, no timely objection was made, and therefore this court reviews only for fundamental, prejudicial error. We conclude Lowe cannot demonstrate the prejudice required for a reversal, and we thus affirm.

**BACKGROUND**

¶2        In January 2014, J.A. travelled from New Jersey to Phoenix to see S.P., his longtime girlfriend. The following night, J.A. and S.P. were awakened by Lowe knocking on the door of the apartment. Lowe was an acquaintance of S.P.'s who paid her rent and had given her money for expenses on several occasions. S.P. told J.A. to stay behind in the bedroom and opened the front door to speak with Lowe. J.A. left the bedroom to confront Lowe in the living room, and Lowe struck J.A. in the face with a large metal flashlight, rupturing his eye. Ultimately, J.A. lost his right eye.

¶3        Several days later, S.P. saw Lowe driving on her street and called 911. She followed Lowe, giving officers his location until they found and arrested him. The State filed a direct complaint against Lowe alleging two counts of aggravated assault, a class 3 dangerous felony. Count 1 alleged assault causing serious physical injury and Count 2 alleged assault with a deadly weapon or dangerous instrument. Both counts included allegations of dangerousness.

¶4        At trial, the parties discussed preliminary jury instructions on dangerousness. The parties agreed dangerousness was inherent in the elements of the crime, and Lowe did not object to adding dangerous offense language to the instructions. After the jury retired to deliberate, the trial court asked the State whether it intended to request an aggravators hearing. The State responded that it did not, on the assumption that dangerousness

was inherent in the offense. Lowe did not object during the discussion and did not request an aggravation hearing.

**¶5**         The jury found Lowe guilty on Count 1 and not guilty on Count 2. The trial court sentenced Lowe under Arizona Revised Statutes ("A.R.S.") section 13-704 as a dangerous non-repetitive offender to a mitigated term of 5 years with credit for 71 days of pre-sentence incarceration. Lowe appeals, and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12–120.21(A)(1), 13-4031 and 13-4033.

## ANALYSIS

**¶6**         Lowe contends the trial court erred by failing to hold an aggravation hearing to allow the jury to determine the dangerousness allegation. Because Lowe did not object to the jury instructions at trial or to the absence of a separate jury determination of dangerousness, we review only for fundamental error. *State v. Felix*, 237 Ariz. 280, 284, ¶ 13 (App. 2015). Lowe must therefore show both that fundamental error exists and that he was prejudiced by the error. *State v. Henderson*, 210 Ariz. 561, 567, ¶ 20 (2005).

**¶7**         Lowe contends the trial court's determination that dangerousness was inherent in the aggravated assault offense lessened the State's burden of proof. He compares the mental state required for aggravated assault under A.R.S. §§ 13-1203(A)(1) and 13-1204(A)(1) with the mental state required for dangerousness under A.R.S. § 13-105(13). Under § 13-1203(A)(1), a person commits assault by "[i]ntentionally, knowingly *or recklessly* causing any physical injury to another person." (Emphasis added). A dangerous offense under § 13-105(13) is "an offense involving the discharge, use or threatening exhibition of a deadly weapon or dangerous instrument or the *intentional or knowing* infliction of serious physical injury on another person." (Emphasis added).

**¶8**         Lowe argues the jury could have found that his actions were reckless but not intentional or knowing; in essence, guilty of aggravated assault but with no dangerousness finding. *See State v. Bowling*, 151 Ariz. 230, 233 (App. 1986). He contends dangerousness is therefore not inherent in aggravated assault (serious physical injury), and the State has the burden to prove beyond a reasonable doubt the dangerousness allegation under the intentional or knowing standard. Finally, Lowe asserts that under *State v. Hunter*, 142 Ariz. 88 (1984), an instruction that does not correctly instruct the jury as to the State's burden of proof is fundamental error.

¶9 We agree with Lowe, as does the State, that the trial court erred in not allowing the jury to decide the dangerousness allegation. We need not determine if the error was fundamental, however, because Lowe cannot establish the required prejudice to warrant reversal. *See State v. Valverde*, 220 Ariz. 582, 586, ¶¶ 14–17 (2009) (defendant could not show prejudice so the court "need not address here" whether the trial court's omission of an instruction was fundamental error). His argument is that there was a likelihood the jury may have found he committed the offense recklessly. We disagree, however, because no reasonable jury could have found that Lowe's actions were anything other than intentional or knowing. *See State v. Munninger*, 213 Ariz. 393, 395, ¶ 4 (App. 2006) (explaining the defendant's burden to show prejudicial error in a fundamental error review).

¶10 The State's theory was that Lowe attacked J.A. In contrast, Lowe testified that J.A. was the initial aggressor and he struck J.A. in self-defense. Under either theory, his mental state could not have been merely reckless when he struck J.A. causing serious physical injury. *See State v. Ruelas*, 165 Ariz. 326, 328–29 (App. 1990) (citing *State v. Prewitt*, 104 Ariz. 326, 332 (1969)) (concluding use of force in self-defense is an intentional act). Because no reasonable jury could find that Lowe was merely reckless when he injured J.A., he cannot establish prejudice from the trial court's decision not to have the jury specifically determine the dangerousness allegation.

## CONCLUSION

¶11 For the foregoing reasons, we affirm the conviction and sentence.



Ruth A. Willingham · Clerk of the Court
FILED: ama